THE PEOPLE, on the relation of I. FAY, *vs.* THE JUDGES OF ONEIDA COMMON PLEAS.

*An appeal bond will be construed according to the intent of the parties, collected from its general scope and tenor.*

MOTION for a mandamus in an appeal case. The bond, after reciting the judgment before the justice, and the appeal to the common pleas, contained the condition, that if the defendant "shall prosecute the said appeal with all due diligence to a decision in the said court, and *pay the said judgment and costs of such appeal,* in case judgment shall be given in the said court against the said appellant, and further shall pay the debt or damages recovered before the said justice, together with interest thereon and costs of such appeal, if such appeal shall not be prosecuted with all due diligence," &c. The court of common pleas of Oneida quashed the appeal, adjudging the bond not to be in compliance with the requisitions of the statute, and an application is now made for a mandamus to vacate the rule of the common pleas.

*S. Beardsley*, for relator.

*H. Denio*, contra.

*By the Court*, SAVAGE, C. J. Upon strict rules of grammatical construction, the bond is defective; but by transposing one line in the condition, so as to read the words italicised after the word *appellant*, the bond becomes perfect. In the construction of a written instrument, the whole is to be taken together, and effect given to the intent of the parties, if that can be discovered from the general scope and tenor of

the instrument. Enough is contained in the condition of this bond, literally to comply with the requirements of the statute, if the sentences had been properly distributed. The court, therefore, are disposed to consider the bond as good, and direct an alternative mandamus to issue.