Lipe v. Becker.

LIPE *vs.* BECKER, impleaded with Sáltsman.

Upon demurrer the court gives judgment against the party committing the first fault, if the defect is one of substance.

In declaring on an appeal bond given pursuant to 2 *R. S.* 259, § 189, the plaintiff must state positively that execution was issued against the principal within thirty days after the term at which the judgment was rendered in the common pleas. It is not sufficient to aver that such execution was issued according to the statute in such case made and provided and pursuant to the course and practice of the court.

The provision requiring execution upon judgments rendered on appeals from justices' courts to be issued *within* thirty days in order to render the sureties liable upon the appeal bond is not abrogated by § 24 of the act concerning costs and fees, &c. (*Laws* 1840, *p.* 334,) which authorizes executions only *after* thirty days.

DEBT on an appeal bond. The declaration sets forth the bond, which was dated March 24, 1841, and was in the penalty

of $150, and recited that Lipe had recovered a judgment against Saltsman before a justice of the peace for $75, and that the latter had appealed to the common pleas of Montgomery county; and it was conditioned as provided by the statute, (2 *R. S.* 259, § 189.) The declaration then averred a recovery by the plaintiff in the common pleas on the appeal, for $155,05 damages and costs, and that the same had not been paid, and then contained this averment; "that according to the statute in such case made and provided and pursuant to the course and practice of said court, executions were duly issued upon the judgment aforesaid [in the common pleas] against the said J. I. Saltsman, for the damages and costs aforesaid, with the interest thereon, to the sheriffs of Montgomery and Herkimer counties, which said sheriffs have duly returned said executions, that there was found nothing within their bailiwick whereof to satisfy said executions or either of them, by reason whereof and by force of the statute in such case made and provided," &c. the said defendants have become liable, &c.

The defendant Becker (the surety) pleaded several special pleas, to which the plaintiff demurred and the defendant joined in demurrer. As the opinion of the court proceeded upon the insufficiency of the declaration, the several matters pleaded need not be stated.

*W. McCall,* for the plaintiff, argued that the averment as to issuing execution was sufficient. If issued according to the statute, it must have been within the time required by the statute. He also insisted that the provision requiring execution to be issued in these cases within thirty days was abrogated by § 24 of the act of 1840, (*Sess. Laws, p.* 334,) which did not allow an execution to issue from a court of record until *after* thirty days.

*D. Wright,* for the defendant.

*By the Court,* JEWETT, J. It is a general rule in pleading, that whatever facts are necessary to constitute the cause of ac-

tion must be directly and distinctly stated in the declaration. Arguments, inferences and matters of law are to be excluded. It is also a well settled rule, that in giving judgment upon a demurrer the court will, notwithstanding the defect of the pleading demurred to, give judgment against the party committing the first fault in pleading, if the defect is one of substance. (*Carpenter* v. *Alexander*, 9 *John.* 291 ; *Van Ness* v. *Hamilton*, 19 *id.* 349 ; *Patcher* v. *Sprague*, 2 *id.* 465 ; *Mills* v. *Martin*, 19 *id.* 35.) (*a*)

This action is against a surety in an appeal bond. The condition of such a bond is prescribed by 2 *R. S.* 259, § 189, *subd.* 3. It must provide that the appellant will prosecute with diligence &c., and if judgment be rendered against him, that he will pay the amount of such judgment &c. within thirty days after such judgment rendered. By the 222d section, (*p.* 263,) it is required that if judgment be rendered in favor of the appellee, he shall sue out an execution thereon *within thirty days after the term* when such judgment was rendered, *or the sureties in the appeal bond shall be discharged.* By the 223d section it is provided, that upon such execution being returned unsatisfied, in whole or in part, the appellee may sue the bond ; and by section 225 it is declared that no action shall be brought on any such bond, given by or on behalf of the appellant, until an execution shall have been issued against him and returned as therein before provided.

Thus it appears that the plaintiff cannot sustain an action

---

(*a*) It is a familiar principle that certain defects in substance are cured by verdict. Whether a party who has pleaded over to a declaration which, though bad upon general demurrer, would be sustained on a motion in arrest, is entitled to judgment for the insufficiency of the declaration when his own pleading has been demurred to, does not seem to be entirely settled. The late Chief Justice Nelson, in *Miller* v *Maxwell*, (16 *Wend.* 9,) was disposed to limit the right to question the declaration upon a demurrer to a plea, where the general issue was pleaded, to cases where the defect would not be aided by a verdict ; but many other cases assert the right to go back to the first substantial defect. See *Wyman* v. *Mitchell*, (1 *Cowen*, 316 ;) *Griswold* v. *The National Insurance Co.* (3 *id.* 96 ;) *Utica Ins. Co.* v. *Scott, in the court of errors*, (8 *id.* 709.) See also *Cooper* v. *Greeley*, (*ante*, p. 347,) where the rule is stated with the limitation contained in *Miller* v. *Maxwell.*

against the surety upon this bond, unless he has sued out an execution upon the judgment rendered in the common pleas *within thirty days* after the term when it was rendered. That is a material fact, and without averring it, no cause of action is stated. (*Whitney* v. *Spencer*, 4 *Cowen*, 39.) It is not here averred. The declaration alleges, that according to the statute in such case made and provided, and pursuant to the course and practice of said court, an execution was duly issued upon the judgment, &c. Instead of an averment of a fact which, if true, shows that the requirement of the statute was complied with, the declaration states a conclusion of law upon a fact not stated or set forth. If the defendant had taken issue upon this averment in the declaration, the verdict would not necessarily have affirmed the fact that execution had been issued in thirty days. At best it presented a question of law, and not one of fact for the determination of the jury. The declaration is clearly bad.

Notwithstanding the provision respecting the issuing of executions in the act concerning costs and fees, &c. (*Laws of* 1840, *p.* 334, § 24,) the plaintiff might have issued his execution within thirty days after the recovery of the judgment in the common pleas, as we think the provisions of that act do not apply to executions upon this class of judgments.

It is unnecessary to consider the several pleas demurred to, as the defendant is entitled to judgment by reason of the defect in the declaration.

· Judgment for defendant.