FOX *vs.* AMES and BAKER.

To render the sureties in an appeal bond liable, execution must be issued against the appellant within thirty days after the rendition of the judgment in the appellate court.

The 24th section of the act of 1840 concerning costs and fees, which provides that executions shall not be issued until thirty days after judgment, does not apply to executions issued on judgments rendered upon appeal.

The decision in *Lipe* v. *Becker,* (1 *Denio,* 568,) upon this point, approved.

A *ca. sa.* is an *execution,* within the meaning of the act of 1842, amending the revised statutes so as to require executions to be issued within thirty days after the time when by law such execution could be issued, and the 222d section of the act concerning courts held by justices of the peace.

ERROR to the county court of Oswego county. The action in the court below was brought upon an appeal bond ; and the plaintiff was nonsuited because he had not issued execution on the judgment against the appellant, within thirty days after the rendition of the judgment against him. The execution was in fact issued thirty-one days thereafter.

Fox *v.* Ames.

*H. A. Foster*, for the plaintiff in error.

*W. C. Thompson*, for the defendants in error.

*By the Court*, GRIDLEY, J.   By the revised statutes (2 *R. S.* 263, § 222,) the sureties on the appeal bond were discharged unless execution were issued within thirty days after the *term* at which the judgment was rendered.   The act of 1842, (*Laws of* 1842, *p.* 21,) amended the revised statutes so as to require execution " to be issued within *thirty days after the time when by law such execution could be issued.*"

The execution in this case was issued after the expiration of thirty days from the rendition of the judgment; and it is now argued, that by the act of 1840, (*Laws of* 1840, *p.* 327, § 24,) the execution could not be issued until thirty days after judgment, and that therefore the execution was issued within the required period, after the time when by law it could be issued. This raises the question whether the provision contained in the 24th section of the act of 1840, applies to executions issued on judgments rendered on appeal.   Although the words of the enactment are general, and are comprehensive enough to embrace executions of this description, and notwithstanding many other provisions of this act must of necessity apply to judgments upon appeal, as well as to those rendered in original suits, yet it is manifest that to give the prohibitory clause an application to executions in cases of appeal would necessarily destroy all remedy on the bond.   Such an application therefore could not have been within the intent of the framers of the act.   And the late supreme court, in the case of *Lipe* v. *Becker*, (1 *Denio*, 568,) held that the provisions in the act in question did not apply to this class of executions.   We are inclined to adopt this decision as a sound exposition of the act, although it would seem not to have been indispensably necessary to a determination of that suit.

But whether the doctrine of that case be sound or not, the act of 1840 is, by its terms, confined to writs of *fieri facias*.   Writs against the body are *executions*, within the meaning of the act of 1842, and the 222d section of the act concerning courts held

by justices of the peace. (2 *R. S.* 263.) They are moreover quite as likely to produce the money as executions against property only. The judgment against the appellant, in the court below, was in trover, and a ca. sa. might have been issued immediately. If then no other execution could be issued within thirty days, by reason of the prohibitory clause in the act of 1840, it was, in our judgment, the *right* of the surety to have a ca. sa. issued within that time. The surety has a right to require the creditor to comply with the obligations imposed by· the law, as a condition of his liability, to the full extent of such obligation. The issuing of an execution against the appellant within thirty days after the rendition of the judgment, was a condition precedent·to be performed by the creditor. A ca. sa. is an execution, within the true interpretation of the act, requiring an execution to be issued. There was no impediment in the way of issuing such an execution, and no excuse for not having done so.

The judgment must be affirmed.

---

SAME TERM.    *Before the same Justices.*