## TEALL *vs.* VAN WYCK.

Proof of a search for an appeal bond, by the justice to whom it was delivered, among all the papers of his office, and of a search in the county clerk's office, in the places where such bonds are usually kept, without success, is sufficient evidence of its loss, to admit parol evidence of its contents.

Although the proof of a search in the county clerk's office does not show that it was made under the direction of the clerk, yet if no objection is made on that ground, at the trial, it can not be made afterwards, when it is too late to supply the evidence.

The certificate of a county clerk is admissible to prove the loss of a paper, but it is not the only competent evidence.

Teall *v.* Van Wyck.

Where the subscribing witness to a bond is out of the jurisdiction of the court, this is sufficient to authorize proof of his hand-writing.

When the words of a bond are not sufficiently explicit, or if, literally construed, their meaning would be nonsense, it must be construed with reference to the *intention* of the parties. In doing this it is allowable to depart from the letter of the condition, to reject insensible words, and to supply obvious omissions.

Accordingly, where upon an appeal made in June, 1848, from the judgment of a justice of the peace to the *county court*, the bond was drawn as if upon an appeal to the *common pleas*, yet the appeal having been in fact made to the county court, and tried and decided there, without any objection being taken to the sufficiency of the bond; *Held*, in an action upon the bond, that it was sufficient in form to charge the obligors.

Where an appeal to a county court was perfected by the service of the necessary papers upon the justice, on the 3d of June, 1848; *Held* that it was a suit pending on the 1st of July, 1848, and was not affected by the code of 1848, but was to be governed throughout by the judiciary act of 1847.

The 24th section of the act " concerning costs and fees in courts of law," &c. passed May 14, 1840, was applicable as well to executions on judgments upon appeal, as to other executions; and under that section, in connection with the 54th section of the judiciary act of 1847, an execution upon an appeal to the county court can not be regularly issued until the expiration of thirty days after judgment.

If such execution is issued within thirty days after the right to issue the same accrues, it is sufficient to make the surety in the appeal bond liable.

On the 29th of May, 1848, the plaintiff recovered a judgment in the Albany justices' court, against J. & J. R. Radway, for $102,91. On the 3d of June, 1848, the defendants appealed, by delivering the requisite bond &c. to the justice. The bond was executed by the Radways and also by the defendant in this suit, as their surety. It was a joint and several bond, and was in the usual form, except that the words " Albany common pleas" were inserted in the condition, instead of " Albany county court." Judgment, on the appeal, was rendered in favor of the plaintiff, on the 19th day of December, 1848, and execution was issued thereon on the 24th of January, 1849, which was returned unsatisfied and filed June 19, 1849. This action was brought on the appeal bond, which was claimed to have been lost. The cause was referred to Amos Dean, Esq. sole referee, who reported in favor of the plaintiff. The defendants appealed from the judgment entered on that report.

Vol. X.                48

*Wm. Barnes,* for the plaintiffs.

*F. S. Edwards,* for the defendant.

*By the Court,* PARKER, J.   Five objections were made, before the referee, to the plaintiff's recovery.   These will be considered in the order in which they were there presented.

1. I think the proof was sufficient to establish the loss of the bond.   The justice of the peace to whom it was delivered, testified to a search for it among all the papers of his office, and that it was not there.   Mr. Barnes, the plaintiff's attorney, proved that he had searched in the county clerk's office in the places where such bonds are usually kept, and could not find it.   He did not expressly state that he made such search under the direction of the county clerk, but no objection was made on that ground, at the trial, and it can not be made now, when it is too late to supply the evidence.   (*Merritt* v. *Seaman,* 6 *Barb. S. C. Rep.* 330.)   It was not necessary to produce the certificate of the county clerk, to prove the loss.   Such evidence was admissible, (2 *R. S.* 3d ed. 639, § 13,) but it was not the only competent evidence.   This same question was decided in *Jackson* v. *Russell,* (4 ·*Wend.* 543.)

2. It was next objected that the bond was not proved to have been duly executed.   It was shown that Alexander Wells was the subscribing witness, and that he was in California.   This was sufficient to authorize proof of his hand-writing.   (*Jackson* v. *Waldron,* 13 *Wend.* 178.   5 *Barb. Sup. C. Rep.* 449.   Cow. & Hill's Notes, 1299, 1302, *and cases there cited.*)   The execution of the bond was therefore duly proved.

3. The third objection was that the bond being drawn as if on appeal to the court of common pleas, and not to the county court, was therefore void, there being at that time no court of common pleas.   This certainly presents a much more serious question. The court of common pleas was abolished on the first Monday of July, 1847, by the new constitution, and the county court substituted.   (*Const. of* 1846, *art.* 14, § 5.)   The bond should therefore have provided for an appeal to the county court, pursuant

Teall *v.* Van Wyck.

to the judiciary act, § 35. (*Laws of* 1847, *p.* 329.) It must, however, be borne in mind, that the appeal was intended to be made, and was in fact made, to the county court. It was there tried on appeal and decided by that court. No objection was made to the sufficiency of the appeal bond. If there had been, it might·have been amended. (2 *R. S.* 356, § 208 ; 642, § 35.) All parties supposed the bond was in due form, and the party appealing had the same benefit of it as if the condition had been in the language intended. Under these circumstances I think effect should be given to the bond. When the words of a bond are not sufficiently explicit, or if, literally construed, their meaning would be nonsense, it must be construed with reference to the intention of the parties. In doing this it is allowable to depart from the letter of the condition, to reject insensible words and to supply obvious omissions. ( *Whitsell* v. *Womack*, 8 *Alab. Rep.* 467, 481.) These rules have been recognized in many cases. (*Butler* v. *Wigge*, 1 *Saund. Rep.* 65. *Cromwell* v. *Grimsdale*, 12 *Mod. Rep.* 194. *Gully* v. *Gully*, 1 *Hawk. N. C. Rep.* 20. *Coles* v. *Hulme*, 8 *Barn. & Cress.* 568. 4 *East's Rep.* 477. 10 *New Hamp. Rep.* 210. 6 *Iredell*, 57. 1 *Wend.* 28. 3 *Cranch*, 229. 1 *Peters*, 46. 2 *P. Wms.* 140. 4 *John. Ch. Rep.* 617.) In *The People* v. *Hawkins et al.* (3 *Code Reporter*, 42,) it was held that a description of the " court of sessions" as the " court of general sessions of the peace," in a bastardy bond, did not vitiate the bond. I think the referee was right in holding the bond ·sufficient in form to charge the de· fendant.

4. The next question made was whether the appeal was pending on the 1st of July, 1848. It was important, as bearing on the next point, to ascertain whether the practice was to be governed by the judiciary act of 1847, or the code of 1848, which took effect on the 1st of July, 1848. The appeal was perfected by the service of the necessary papers on the justice, on the 3d of June, 1848. It was therefore a suit pending on the 1st of July, 1848, and was not affected by the code of 1848, but was to be governed throughout by the judiciary act, as was decided by the referee.

5. The last objection, and by far the most important one, made before the referee, was that the execution was not issued in time to charge the surety in the bond. The judgment on appeal was rendered on the 19th of December, 1848, and execution was issued on the 24th of January, 1849. It is claimed that the neglect to issue execution within thirty days after the time when the judgment was rendered released the surety in the bond. It was provided by the revised statutes (2 *R. S.* 2d *ed.* 191, § 221) that the party recovering on appeal " should be entitled to execution thereon, in the like manner as if such judgment had been rendered in a suit originally commenced in a court of common pleas." At that time an execution might issue out of any court of record, on filing the judgment record. (2 *R. S.* 2d *ed.* 287, § 1.) Section 222 (*Id.* 191) provided that if the appellee recovered judgment he should sue out execution thereon within thirty days after the term when such judgment was rendered, or the sureties in the appeal bond should be discharged.

The act of 1840 made many radical changes in the practice ; and among them was the postponing of the right to issue execution, till the expiration of thirty days after the entry of judgment. The 24th section, (*Laws of* 1840, *p.* 334,) was as follows : " Writs of *fieri facias* may be issued and tested at any time in term or vacation, after the expiration of thirty days from the entry of such judgment ; and such writs shall be made returnable sixty days from the receipt thereof, by the sheriff or other officer to whom the same shall be directed, and may be made returnable before the justices or judges of the court from which the execution issued, without mentioning any particular place where returnable."

It has been claimed that this general provision was not applicable to appeals from courts of justices of the peace ; and in *Lipe v. Becker*, (1 *Denio*, 568,) Mr. Justice Jewett so said, and held that, notwithstanding the act of 1840, the appellee might issue execution on a judgment on appeal, in the common pleas, within thirty days after the recovery of the judgment. What was said upon this subject, however, was a mere *dictum*, and was not necessary to a decision of the cause. The only ques-

Teall v. Van Wyck.

tion involved in that case, arose on demurrer, and was, whether the declaration was sufficient, in averring generally that execution had been duly issued, &c. according to the practice of the court, or whether it was necessary to set forth particularly the facts, showing that the requirements of the statute had been complied with. This decision was followed, though with hesitation, in Fox v. Ames et al. (6 Barb. Sup. C. Rep. 256,) for the reason there stated, that a different holding would destroy all remedy on the bond; though it was conceded that the act of 1840 was comprehensive enough to embrace executions of this description. In that case, also, the court said that, whether the decision in Lipe v. Becker was sound or not, the plaintiff was entitled to recover on another ground.

I can not agree to the doctrine, that the act of 1840 may be held inapplicable to executions of this kind, because, to include them, would destroy all remedy on the bond; such a reason ought not to prevail against the language of a plain and clearly expressed enactment; and also against the intent of the legislature, plainly manifested, to place all executions on the same footing. It has never been doubted but the other provisions of the act of 1840, some of which are contained in the same section, were applicable to judgments and executions in appeal suits. The whole act of 1840 was applicable to all suits in any court of record. (Laws of 1840, § 1, p. 327.) The only exceptions were the court for the correction of errors, and the marine court of the city of New-York, which exceptions were declared in section 39. The fee bill provided by the act of 1840, was applicable to suits on appeals from justices' courts. All bills of costs on such appeals, were made out under that act, and the witnesses' fees in such suits were charged at the rates allowed under the 8th section. The provision of the 23d section, authorizing judgments to be perfected in term or vacation, was always held applicable to such suits. And the form of the execution, on appeals, was always made to conform to the very section in question, as to the time it had to run and the place where returnable. Nor has it ever been questioned, that all the provisions of sections 25 and 26 in the act of 1840, as to docketing,

lien of judgment, &c. were applicable to judgments recovered
on appeal. I see no reason for selecting out a single clause of
the 24th section, and saying it was inapplicable, and that all
the rest of that section and of the act was applicable, when the
same general language was used in all the provisions. If the
legislature did not intend to destroy all remedy on the bond, the
most that can be said is, that they casually neglected to provide
for continuing that remedy. And so the legislature seem to
have viewed it themselves; for in 1842, (*Laws of* 1842, *p.* 21,)
the omission was supplied, by a provision that the appellee
might sue out execution within thirty days after the time, *when
by law such execution could be issued,* or the sureties on the
appeal bond should be discharged. The necessity for this en-
actment impliedly shows, that by law such execution could not
be issued till the expiration of thirty days after the rendering
of judgment.

I think the act of 1840 was applicable as well to executions
on judgments on appeal, as to other executions; and that an
execution could not regularly issue on such judgments, till the
expiration of thirty days after judgment. But at the time the
execution on this appeal was issued, the judiciary act was in
force, (*Laws of* 1847, *p.* 335;) and by the 54th section of that
act, it was provided that executions to collect judgments in the
supreme or county courts, might be issued within the time, and
with like effect, as they might then be issued on judgments ren-
dered in the supreme court. I suppose there can be no reason-
able doubt but this provision was applicable to appeals, which
had been regulated by section 35 of that act, as well as to all
other suits in the county court. Independent, therefore, of the
question, what is the true construction of the act of 1840, the
judiciary act has removed all difficulty on the subject, by making
the practice then existing in the supreme court, applicable to
all executions.

The execution in question could not have been regularly
issued, till the expiration of thirty days after judgment; and
having been issued within thirty days after the right to issue

accrued, the act of 1842 makes the surety on the bond liable. I think the judgment, rendered on the report of the referee, should be affirmed with costs.

Judgment affirmed.