## SWAIN *et al. v.* GRAVES *et al.*

An appeal-bond will be so construed as to carry out the obvious intention of the parties.

To support the condition of a bond, the Court will transpose or reject insensible words, and construe it according to the obvious intent of the parties.

But, conceding that there is a necessary discrepancy between the condition and the penal portion of the bond, it cannot be set up by the obligors, as the bond would be single, and, in a suit thereon, the plaintiff would be entitled to the full amount.

APPEAL from the District Court of the Fourth Judicial District.

This was an action commenced in the Superior Court of the city of San Francisco, and transferred to the Court below,.under the provisions of the act to abolish the Superior Court. The action is brought by the plaintiffs, R. A. Swain and G. W. McDonald, against James Graves, Milo Hoadley, and Wm. H. Rhodes, upon the following appeal-bond, which is annexed to their complaint:

APPEAL-BOND.

STATE OF CALIFORNIA, }
    County of San Francisco. } *ss.*

*Justice's Court, Second Township :*—Know all men by these presents, that we, W. H. Rhodes, as principal, and James Graves and Milo Hoadley, as sureties, are held and firmly bound unto R. B. Swain and —— McDonald, in the full sum of four hundred and ten dollars, for the payment of which, well and truly to be made,

we bind ourselves, our heirs, administrators, and assigns, firmly, jointly and severally, by these presents.

Signed with our hands, and sealed with our seals, this nineteenth day of July, A. D. 1856.

The condition of the above undertaking is this, that whereas the said R. B. Swain and McDonald obtained a judgment, before E. W. Smith, Esq., justice of the peace, of said township, county aforesaid, on the eighteenth day of July, A. D. 1856, for one hundred and ninety-two dollars and forty cents, and costs; and whereas, the above bounden plaintiff is desirous of appealing from the decision of said justice, to the County Court of San Francisco : now, if the above bounden plaintiff shall well and truly pay, or cause to be paid, the amount of said judgment, and all costs, and obey any order the said County Court may make therein, if the said appeal be withdrawn or dismissed, or pay the amount of any judgment, and all costs, that may be recovered against the said appellant, in the said County Court, and obey any order the said County Court may make therein, then this obligation to be null and void, otherwise in full force and virtue.

W. H. RHODES, [Seal.]
JAMES GRAVES, [Seal.]
MILO HOADLEY. [Seal.]

The complaint alleges that the above bond was given in an action commenced by the plaintiffs, against Wm. H. Rhodes, W. Bartlett, C. J. Bartlett, and E. Conner, in which the plaintiffs recovered judgment, and the defendants therein appealed to the County Court, on filing the above bond; that a printed form of bond was used, in which the word "plaintiff" was by mistake inserted instead of "defendant," or "appellant;" that the judgment appealed from was wholly affirmed, in the County Court, with costs; that execution had issued therein, and returned wholly unsatisfied; and that defendants herein, though requested, refuse to pay the same.

The Court below rendered judgment for plaintiffs, and defendants appealed.

*Caleb Burbank* for Appellants.

*D. P. Rarston* for Respondents.

Cited : People *v.* Judges of Oneida, 1 Wend., 28 ; Butler *v.* Wigge, 1 Saund., 63 ; 8 B. Monroe, 497 ; Stockton *v.* Turner, 7 J. J. Marshall, 193 ; Waugh, administrator, *v.* Russell, 1 Eng. C. L., 362 ; Vernon *v.* Alsop, T. Raymond, 68.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., concurring.

Action upon undertaking on appeal, in which the bond is set out in full in the complaint. Judgment for plaintiffs in the Court below, and defendants appealed.

Plaintiffs allege, in their complaint, that they obtained judgment before a justice of the peace, against William H. Rhodes, Washington Bartlett, C. J. Bartlett, and Edward Conner, and that said defendants appealed to the County Court; and that the defendants filed in the Justice's Court an undertaking, executed by Rhodes, as principal, and by Graves and Hoadley, as sureties. The bond was in the penal sum of four hundred and ten dollars; but in the condition of the bond, it is stated that Swain and McDonald recovered judgment, stating the sum, but not the parties defendants, and then states "that whereas, the above bounden plaintiff is desirous of appealing," etc., and "if the above bounden plaintiff" shall pay, etc.

An appeal-bond will be so construed as to carry out the obvious intention of the parties. 1 Wend., 28; 8 B. Mon., 497.

"To support the condition of a bond, the Court will transpose or reject insensible words, and construe it according to the obvious intent of the parties." 1 Saund., 65.

"There are many cases on the construction of bonds, where the letter of the condition has been departed from, to carry into effect the intention of the parties." 3 Cranch, 235.

In the case of Stockton v. Turner, 7 J. J. Marshall, 193, it appeared that the name of Peter Cox, the obligor of the bond, was inserted in the condition, instead of that of Turner, the obligee. But the Court held that this was not material, as it was a mistake of such a character as not to affect the obligation of the bond, and was explained by its whole tenor and effect. So, in this case, the mistake is most palpable. The bond is executed by Rhodes, Graves, and Hoadley, to Swain and McDonald. The only parties bound in the penal portion of the bond were Rhodes, Graves, and Hoadley; and where the phrase "the above bounden plaintiff" is afterwards used in the condition, the intention is clear. There could be no variance between the complaint and the bond introduced in evidence, as the bond was correctly set out in full in the complaint. There was no variance between the allegations of the complaint and the record from the County Court, nor was there any material discrepancy, between the bond and the record, as the full style of the suit was not given in the record.

But conceding that there was a necessary discrepancy between the condition and the penal portion of the bond, the bond would have been single, and the plaintiffs entitled to judgment for the whole amount. 1 Saund., 66; Lord Ray, 68; 7 J. J. Mar., 193

Judgment affirmed.