[No. 3,024.]

## L. FRANKEL v. DAVID STERN and M. HELLER.

UNDERTAKING ON ATTACHMENT.—An undertaking on attachment is an original, independant contract on the part of the sureties, and must be construed in connection with the statute which authorizes it.

IDEM.—If, in an undertaking on an attachment, a word is omitted by mistake, and by looking at the whole undertaking and the statute it is apparent what word was intended to have been inserted, the omitted word may be supplied, and the contract read as if it had been expressed, without first reforming it by supplying the omitted word.

DAMAGES ON ATTACHMENT UNDERTAKING.—A judgment for damages on an undertaking on attachment for the depreciation in value of the goods taken during the time they were in the officer's hands, is not excessive.

APPEAL from the District Court of the Fifteenth Judicial District, City and County of San Francisco.

The complaint averred the mistake in the undertaking sued on, by the omission of the word "thousand," and asked that the contract be reformed by inserting the word. The judgment did not decree a reformation, but was a simple judgment for one thousand eighty-one and ten one hundredths dollars damages and costs in the attachment suit. The defendants appealed.

The other facts are stated in the opinion.

*Naphtaly & Neuman*, for Appellants.

The appellants claim that, as to the liability of the defendants, "it has been generally held that contracts of suretyship are *strictissimi juris*, and to be construed in favor of the surety." The undertaking of the appellants is, as in the case of *Nicholson* v. *Paget*, 1 Cromp. & M. 48, a contract entered into for a third person, and it is the duty of the party who takes such security to see that the party signing it may distinctly understand to what extent he binds himself. No more than the penalty can be recovered. (*Mower* v. *Kip*, 6 Paige, 88. See also, *Cowell* v. *Sykes*, 2 Russ. R. 191; *Weaver* v. *Shryork*, 6 Serg. & R. 262, 264, 265.)

The sureties are entitled to stand on the precise terms of the contract, and there is no way of extending their liability beyond the stipulation to which they have chosen to bind themselves. (*Tarpey* v. *Shillenberger et als.*, 10 Cal. 399.) But, granting that the sureties were liable, as claimed by the plaintiff, he demands a reformation of the bond to correspond with the alleged intention of the sureties, and upon such reformation to recover the damages found to have been sustained by him. He declares upon the undertaking of the defendants, and without a decree reforming the undertaking, the sureties could not be held to be liable beyond the penalty of the bond, consequently the judgment without such decree would exceed the penalty, and it would be error. It is a settled rule, that the decree must conform to the allegations and proof. (*Carneal* v. *Banks*, 10 Wheaton, 181; *Crockett* v. *Lee*, 7 ib. 522; *Bidwell* v. *Astor*, Mutual Ins. Co., 16 N. Y. 267; *Gautier* v. *English*, 29 Cal. 165.)

*McCullough & Boyd*, for Respondent.

This is a bond for two thousand two hundred and twenty-five dollars, regardless of the blank, just as though it read:

The defendants undertake in two thousand two hundred and twenty-five dollars, and promise to the effect, that they will be liable "not exceeding the" said "sum."

From an inspection of the bond, there can be no doubt that the word "thousand" was omitted in the blank between the two "twos" and the complaint authorizing it. We undoubtedly could show the mistake. (*Hathaway* v. *Brady*, 23 Cal. 123.)

By the Court, BELCHER, J.:

The action is based upon an undertaking, the material portions of which are as follows: "Now therefore, we, the undersigned, residents of the City and County of San Francisco, in consideration of the premises and of the issuing of the said attachment, do jointly and severally undertake, in the sum of two thousand two hundred and twenty-five dollars, gold coin, and promise to the effect that if the said defendant recover judgment in said action, the plaintiff will pay all costs that may be awarded to the said defendant, and all damages which he may sustain by reason of the said attachment, not exceeding the sum of two    two hundred and twenty-five dollars, gold coin." The case was tried by the Court without a jury, and judgment rendered for the plaintiff for one thousand and eighty-one dollars and ten cents.

The appellants insist that upon the face of the undertaking they are liable only for two hundred and twenty-five dollars, and that no judgment for more than that sum could be rendered against them, unless the undertaking were first reformed by inserting in the blank left between the words "two" and "two," the word "thousand," claimed by the plaintiff to have been accidentally omitted.

The statute (Prac. Act, Sec. 122,) provides that the Clerk, before issuing an attachment, shall require an undertaking

on the part of the plaintiff, in a sum not less than two hundred dollars and not exceeding the amount claimed by the plaintiff, to the effect that if the defendant recover judgment the plaintiff will pay all costs that may be awarded to the defendant, and all damages which he may sustain by reason of the attachment, "not exceeding the sum specified in the undertaking."

The sum "specified in the undertaking" in this case is two thousand two hundred and twenty-five dollars, and it is apparent, we think, that the Clerk intended to require, and the sureties to make, an undertaking in that sum. It is an original independent contract on the part of the sureties, and must be construed in connection with the statute which authorizes it.

Looking at the undertaking and the statute, no one can doubt as to what was the intention of the parties. This being so, the omitted word may be supplied and the contract read as if it had been expressed.

To this effect are the authorities. Thus, in *The People* v. *Judges of Oneida*, 1 Wend. 28, the Court say: "In the construction of a written instrument the whole is to be taken together, and effect given to the intent of the parties, if that can be discovered from the general scope and tenor of the instrument." In *Teall* v. *Van Wyck*, 10 Barb. 379, the action was upon an appeal bond, which stated in the condition that the appeal was to the Common Pleas, when in fact it was to the County Court. The Court held the bond good, and upon this point said:

"When the words of a bond are not sufficiently explicit, or if, literally construed, the words would be nonsense, it must be construed with reference to the intention of the parties. In doing this it is allowable to depart from the letter of the condition, to reject insensible words, and to supply obvious omissions." In *Coles* v. *Hulme*, 8 Barnw. & Cress. 568, the action was commenced upon a bond, the con-

dition of which recited an indebtedness in various sums of money, which were stated in pounds sterling. In the obligatory part of the bond the word pounds was omitted. In holding the bond good Lord TENDERDEN, C. J., said: "In every deed there must be such a degree of moral certainty as to leave in the mind of a reasonable man no doubt of the intent of the parties. The question in this case is, whether there is in this bond that degree of moral certainty as to the species of money in which the party intended to become bound. I thought at the trial there was. The obligatory part of the bond purports that the obligor is to become bound for seven thousand seven hundred. No species of money is mentioned. It must have been intended that he should become bound for some species of money. The question is, whether from the other parts of the instrument we can collect what was the species of money which the party intended to bind himself to pay." And looking at the recitals in the condition of the bond, and seeing that they were to pay pounds sterling, he further said: "That being so, I cannot entertain a doubt that the intention was that the obligor should, in order to secure the payment of those sums, become bound in a penalty consisting also of pounds sterling; and if that were the intention, then the bond ought to be read as if the word *pounds* were inserted in it." In the same case BAYLEY, J., said: "It has been decided, that in furtherance of the obvious intent of the parties, even a blank may be supplied in a deed. In *Waugh* v. *Russell*, 1 Marshall, 214, the word hundred was omitted in the latter part of the condition of a bond. It was held that it might be supplied, and that in pleading the bond might be described according to its legal effect, as if the word hundred had been inserted in it. I think in this case that it is obvious that the obligor meant to bind himself in a penal sum consisting of pounds sterling, and, therefore, that the omission of the word pounds may be supplied."

We cannot reverse the judgment on the ground that the damages, as found by the Court, are excessive. The testimony tended to show that the property, when taken, was worth one thousand five hundred dollars, or thereabouts, and that when returned it was only worth four hundred and fifty dollars. Upon these values the Court estimated the damages. There can be no large error in the estimate; and we are not sure there is any.

Judgment and order affirmed.

Mr. Justice NILES did not express an opinion.