J. J. WHITNEY, DISTRICT ATTORNEY, RESPONDENT, *v.* WILLIAM DARROW, SUSAN WHITLEY AND WILLIAM DELANEY, APPELLANTS.

UNDERTAKING—OMITTED WORDS MAY BE SUPPLIED, WHEN.—In an action upon an undertaking where the obligors bound themselves in the sum of " five hundred " but omitted to use the word " dollars:" *Held,* that the undertaking must be construed in connection with the statute which authorized it; that the omitted word may be supplied and the instrument read as though it had been expressed.

APPEAL from Marion County.

The facts are stated in the opinion of the Court.

*Knight & Lord*, for Appellants.

*J. J. Whitney*, for Respondent.

By the Court, BURNETT, J.:

This action was to recover five hundred dollars on an undertaking which is as follows:

"*In the Recorder's Court for the city of Salem, Marion County, State of Oregon:*

"Before James Coffey, Recorder and ex officio Justice of the Peace.

STATE OF OREGON  
        *v.*    } Undertaking.  
FRANK HIBLER.

"An order having been made on the 24th day of March, 1874, by James Coffey, said recorder of the city of Salem in said county and State, that the said Frank Hibler be held to answer upon a charge of arson, upon which he has been duly admitted to bail in the sum of five hundred dollars, we, William Darrow of the county of Polk, State of Oregon, farmer, and Susan Whitley and William Delaney of Marion County, Oregon, hereby undertake that the above-named Frank Hibler shall appear and answer the charge above mentioned, in whatever court it may be prosecuted, and shall at all times render himself amenable to the orders and process of the court, and, if convicted, shall appear for judgment and render himself in execution thereof, or, if he fail to perform either of these conditions, we will pay the State of Oregon the sum of five hundred.

                                "WILLIAM DARROW,  
                                "SUSAN WHITLEY,  
                                "WILLIAM DELANEY."

"STATE OF OREGON,  } ss.  
   County of Marion.

"We, William Darrow and Susan Whitley and William Delaney, sureties, each for himself being duly sworn, do depose and say that we are residents and householders within the State of Oregon; that we are each worth the sum of five hundred dollars, exclusive of property exempt from execution and over and above all debts and liabilities.

                                  "WILLIAM DARROW,  
                                "SUSAN WHITLEY,  
                                "WILLIAM DELANEY.

"Subscribed and sworn to before me, this the 24th day of March, A.D. 1874.          JAMES COFFEY,  
                                  "City Recorder."

The complaint further avers that the said Hibler was afterwards, at the June term, 1874, of the Circuit Court for Marion County, indicted by the grand jury of said Marion County for the crime of arson; that said Hibler failed to appear as required by said undertaking; that said defendants failed to produce said Hibler after being duly called, and that default was duly entered against them.

Appellant Delaney demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The court overruled the demurrer and rendered judgment in favor of respondent for the amount claimed in the complaint, from which judgment Delaney appeals to this Court.

The only question presented in this case, is whether the undertaking sued on is invalid on account of the omission of the word " dollars " after the word "five hundred," in the penal part of the undertaking. In every other respect, the undertaking is perfect. Instruments of this kind are treated as simple contracts between the parties signing them and the State. (*State* v. *Hays,* 2 Or. 314.)

It is a rule of construction that a contract should be supported, rather than defeated, and the law frequently supplies, by its implications, the want of express agreements between the parties. The general ground of a legal implication is that the parties to the contract would have expressed that which the law implies had they thought of it.

The appellant insists that upon the face of the undertaking, he is not liable on account of the omission of the word " dollars " therein, and relies mainly on the case of *Spencer* v. *Buchanan,* cited in 15 Ohio Reports, p. 573. But we think the weight of authority as well as the better reasoning is against this case. Story, on Contracts, says that the first rule of exposition, which originates and governs every other rule, requires that the contract shall be so interpreted as to give effect to the intention of the parties, as far as it is legal and mutually understood. Whenever such intent can be distinctly ascertained, it will prevail, not only in cases where it is not fully and clearly expressed, but also even where it contradicts particular terms of the agreement.

Thus, where the condition of a bond for payment of money was that the bond should be void if the money was *not* paid, it was held to be wholly inconsistent with the nature of the bond itself, and the word "not" was therefore rejected, leaving the bond in full force as a perfect contract.

The same rule applies to cases where an evident mistake has been made in an instrument. Thus, an agreement to convey "the Hawkins lot, containing one hundred acres," was held to convey the whole lot set off to Hawkins, and answering to the general description, although it contained one hundred and six acres. So, also, where a bond was given conditioned to pay one hundred pounds by six equal installments on certain specified days, "until the full sum of *one* pound should be paid," the court allowed the word "hundred" to be inserted after "one," in order to give effect to the evident intention of the parties. (Story on Con. ¿ 636.)

This undertaking was given under ¿ 255 of the Criminal Code, which is as follows: "The taking of bail consists in the acceptance by a competent court or magistrate of the undertaking of sufficient bail for the appearance of the defendant according to the terms of the undertaking, or that the bail will pay to the State a specified sum of money." The sum specified in the order admitting Hibler to bail in this case was five hundred dollars, as shown by the recital in the undertaking, and it clearly appears that the officer intended to require and the bail to make an undertaking in that sum. The Supreme Court of California, in a similar case, declared the undertaking to be an original independent contract on the part of the sureties, and that it must be construed in connection with the statute which authorizes it. The court said: "Looking at the undertaking and the statute, no one can doubt as to what was the intention of the parties. This being so, the omitted word may be supplied, and the contract read as though it had been expressed." (*Frankee* v. *Stern*, 44 Cal. 168.)

It was further said in the same case, that "When the words of a bond are not sufficiently explicit, or, if literally construed, the words would be nonsense, it must be con-

strued with reference to the intention of the parties. In doing this, it is allowable to depart from the letter of the condition to reject insensible words, and to supply *obvious omissions.*"

In the case of *Coles* v. *Huleme* (8 Barn. & Cress. 568), referred to in the California case, the action was commenced upon a bond, the condition of which recited an indebtedness in various sums of money, which were stated in pounds sterling. In the obligatory part of the bond the word "pounds" was omitted. In holding the bond good, Lord Tenterden, Chief Justice, said: "In every deed there must be such a degree of moral certainty as to leave in the mind of a reasonable man no doubt of the intent of the parties. The question in this case is whether there is in this bond, that degree of moral certainty as to the species of money in which the party intended to become bound. I thought at the trial there was. The obligatory part of the bond purports that the obligor is to become bound for seven thousand seven hundred. No species of money is mentioned. It must have been intended that he should become bound for some species of money. The question is, whether from the other parts of the instrument we can collect what was the species of money which the party intended to bind himself to pay." And looking at the recitals in the conditions of the bond, and seeing that they were to pay pounds sterling, he further said: "That being so, I cannot entertain a doubt that the intention was that the obligor should, in order to secure the payment of those sums, become bound in a penalty consisting also of pounds sterling; and if that were the intention, then the bond ought to be read as if the word ' pounds ' were inserted in it."

In the same case, Bayley, J., said: " It has been decided that in the furtherance of the obvious intent of the parties, even a blank may be supplied by a deed. In *Waugh* v. *Russell* (1 Marshall, 214), the word ' hundred ' was omitted in the latter part of the condition of a bond. It was held that it might be supplied, and that in pleading the bond might be described according to its legal effect, as if the

word 'hundred' had been inserted in it. I think in this case, that it is obvious that the obligor meant to bind himself in a penal sum consisting of pounds sterling, and therefore, that the omission of the word 'pounds' may be supplied."

In a case in Louisiana a bond was perfect in every respect, except that in the penal part, after the words "fourteen hundred and ten," the word "dollars" was omitted; but the bond having been given pursuant to a judge's order directing one in the sum of fourteen hundred dollars, the court thought the omission a mere clerical error, which might be supplied even in an action on the bond, when there existed as high or higher evidence by which to act. (6 Mort. La. R., N. S. 494.)

We think, in view of the fact that there is a recital in the undertaking that Hibler had been admitted to bail in the sum of five hundred dollars, and that the whole undertaking is perfect, except that one word is omitted in a blank, there can be no doubt as to the intention of the parties. This being so, the weight of authority justifies the supplying of the omission.

Judgment affirmed.