Duncan, J.
TMs action is brought by a surety against his principal on a promissory note to recover from him the amount he paid thereon. The ease was heard upon demurrer to the petition, pleading the statute of limitations. The petition was filed December 4, 1911, and recites that the parties executed their certain promissory note to the Farmers National Bank of Findlay, Ohio, on October 7, 1899, on which the plaintiff was surety and the defendant principal, though not so designated, whereby they and each of them promised to pay said bank the sum of $100 in ninety days from that date with interest at 8 per cent, after maturity, and that the plaintiff paid said note in full on January 6, 1900, and took' an assignment thereof from said bank. Also, that said note has been presented and no payments made thereon; and judgment is prayed for.
From this statement the defendant was the real debtor, as between him and the plaintiff. It was the duty of the defendant, *469 therefore, to pay the note when due and save thei plaintiff harmless in the premises. To this end an implied promises arose between them that the defendant would pay the note .when due, but if he did not and the plaintiff paid it, that the defendant would reimburse him therefor. Hence, upon the failure of the defendant to pay the note and the payment thereof by the plaintiff, a cause of action accrued in favor of the latter to recover from the defendant, the amount so paid. Williams v. Williams, 5 O., 444; Neal v. Nash, 23 O. S., 483; Poe v. Dixon, 60 O. S., 124.
This right, as said, being upon an implied promise, is subject to the limitations of Section 11222, General Code, which provides that:
“An action upon a contract not in writing * * * shall be. brought within six years after the cause thereof accrued.”
This conclusion is warranted by the general principles declared in the following cases: Williams v. Williams, 5 O., 444; Neilson v. Fry, 16 O. S., 552; Neal v. Nash, 23 O. S., 483; Zuellig v. Hemerlie, 60 O. S., 27, 29; Poe v. Dixon, 60 O. S., 124.
The fact that the bank assigned the note to the plaintiff when it was paid does not extend the period of limitation within which suit must be brought. The defendant’s liability to the plaintiff was created by the latter’s payment of their joint note on which, as between them, they were principal and surety, respectively. And thus, by the payment of the note by the one, the obligation against both was extinguished and another arose in his favor against the other, not on the note, but upon the implied promise, as already explained. It was a joint and several note, and when paid as to one, it was paid as to both, and being paid, the bank had nothing to assign. It has been held, however, that the note is kept alive as between the principal and surety so as to permit a suit thereon by the surety who pays it, notably in Texas (Subletts, Admr., v. McKinney, 19 Texas, 438; Tutt v. Tharton, 57 Texas, 35). But the Supreme Court of Ohio in commenting on this holding In Zuellig v. Hemerlie, 60 O. S., 27, 33, says:
“This doctrine that a surety who has paid a note or other security may sue upon it directly in an action at law we think is in *470 conflict with, the weight of authority and with principle. His remedy is upon the implied contract of indemnity. ’ ’
This contention is also supported by Camp v. Bostwick, 20 O. S., 337, 345, where it is held that the surety’s right.of action is based upon this implied contract and accrues when he pays the note and continues for six years, even though the statute has run against the note. If, therefore, the remedy is upon 'the implied contract' when there is no assignment, how could it become express by an assignment? The principal must have been a party to the assignment in order to work this change, and it must .also have been in writing in order to extend the limitation.
This rule is not in conflict with the holding in Dempsey v. Bush, 18 O. S., 376. There was a judgment in that case and against the principal and sureties as such. The sureties paid it and the court simply held that they were subrogated to the rights of the judgment creditor, that is to say, to the security which the judgment afforded. The same in Hill v. King, 48 O. S., 75, where it was held that the same rule obtains whether the surety has been certified in the judgment or not. Also in Zuellig v. Hemerlie, 60 O. S., 27, where it was held that the surety who pays the debt may be subrogated to the creditor’s rights in a mortgage given as additional security. The exact question here presented has not been decided in Ohio, but it is argued in support of the plaintiff’s contention that the same principle which entitles the surety to be subrogated to the rights of the creditor in securities for the debt applies with equal force to the. debt itself. This argument is without either reason or authority where the debt is independent of any security, constitutes no lien or carries no advantage to the surety in the enforcement of payment. The right of action in favor of the surety is based upon the implied promise, as already explained, and not upon subrogation. The one is the right itself and the other is position or advantage in which the surety may stand or with which he may act to the end that the right may be enforced, and for that purpose only equity resorts to the fiction that the debt is still alive. The one is the debt itself while the other is but an incident to it and pertains exclusively to the remedy by which payment may be enforced, and each is subject *471 to its own limitation. Kerr v. Lydecker, 51 O. S., 240; Bradfield v. Hale, 67 O. S., 316.
Since the criticism of the two Texas cases by the Supreme Court of this state in Zuellig v. Hemerlie, 60 O. S., at page 23, to which I have called attention, the Supreme Court of Texas in Faries v. Cockrill, 88 Texas, 428 (28 L. R. A., 528; 31 S. W., 190), has overruled both of said cases in a case involving- exactly the point here, after a careful and extended review of all the authorities. The court, drawing the distinction made here, among other things says:
“From a careful examination of the authorities we reach the conclusion that when the creditor has no security from either of the payors, and the debt itself holds no lien upon property, nor is for any reason entitled to priority over other debts of the debtor, the payment of the debt by a co-obligor or surety satisfies the original debt, and the party paying has his right of action against the others, upon the implied promise raised by law, for his reimbursement, according to their several liabilities. Griffith v. Reed, 21 Wend., 505, 34 Am. Dec., 267; Copis v. Middleton, Turn. & R., 228; Bryant v. Smith, 10 Cush., 169; Pray v. Maine, 7 Cush., 253; Kennedy v. Carpenter, 2 Whart., 344; Hopkins v. Farwell, 32 N. H., 425; Singleton v. Townsend, 45 Mo., 379; Smith v. Johnson, 23 Cal., 64; Ward v. Henry, 5 Conn., 595, 13 Am. Dec., 119; Frevert v. Henry, 14 Nev., 191; Gieseke v. Johnson, 115 Ind., 308; Crisfield v. State, 55 Md., 193; Bushnell v. Bushnell, 77 Wis., 435, 9 L. R. A., 411; Chipman v. Morrill, 20 Cal., 131; Sichel v. Carrillo, 42 Cal., 506; Louvall v. Gridley, 70 Cal., 510; Penniman v. Vinton, 4 Mass., 276."
In the case at bar, the creditor bank had no security and the debt itself is not in judgment and has no character which makes it a lien of any kind or gives it any priority over other debts of the defendant,’ and hence the plaintiff is confined to his implied contract alone for his relief, and action upon this, as already explained, is barred by the statute of limitations provided for actions of that character, six years. The demurrer to the petition is sustained.