Parsons, C. J.
This action is assumpsit by the plaintiff against the administrators, declaring that the plaintiff being surety for their intestate in a bond, the deceased promised to indemnify and save him harmless; and that the plaintiff, as surety, had been obliged to pay a part of the bond, and the deceased, the principal, had not indemnified him. There are also two other counts for the same cause of action.
The defendants pleaded several pleas, viz., non assumpsit generally, on which issue was joined ; non assumpsit infra sex annos; and that the cause of action did not accrue within six years. These pleas were traversed, and on the traverse issues were joined. On these issues the jury found that the deceased did not make the promises alleged in the second and third counts; but they found that he made the promise alleged in the first count, for the breach- of which they assessed. damages. But they further found tliat neither did the cause of the action accrue, nor was the promise made within six years.
Thayer and Richardson for the plaintiff.
T. Williams for the defendants.
Tins verdict, as to the last issues, was found by consent of the parties, subject to the opinion of the Court upon the following facts: that the bond mentioned in the declaration * was executed on the fifth day of June, 1789, by the [*277 ] deceased as principal, and by the plaintiff as his surety; that the bond was discharged in September, 1791, the surety paying 225 dollars towards the discharge; that the principal died in November, 1803 ; and that the action was commenced in August, 1806.
On these facts, it is evident that the jury were warranted in the conclusions which they drew in this verdict. But it was the intention of the parties, in making the case, to submit to the Court a question, which does not appear to arise out of the case, viz., whether the statute of limitations is or is not a good plea in this action.
This question, however, arises from the record. For if that statute is not pleadable in this action, the issues joined upon the two pleas of the statute are immaterial; and a verdict being found for the plaintiff on the general issue, he is entitled to judgment. The plaintiff denies the validity of the special pleas on the authority of the case of Cole, Executor, vs. Saxby. (1) This was a nisi prius case before Lord Kenyon, who expressed his doubts whether the statute of limitations can be pleaded to an action similar to the one now before the Court. We have considered the point, and are all satisfied that such a plea is good.
The action is assumpsit, and is within the words of the statute, and we think within the intent of it. Payment by a surety in behalf of his principal may be matter in pais without suit; and the evidence of it may be lost by the death of witnesses, the loss of vouchers, or other accident. And we cannot distinguish this case, in principle, from a case where the action may be brought by a surety in a promissory note against the principal, for not indemnifying him against the payment of the note. In such a case, it is not denied that the statute of limitations would be a good plea, because, as it is said, the action is not founded on a bond. In the present case, the action is not founded on a bond, but on a promise or simple contract, (although the executing of the bond as a surety is the consideration of the promise;) and the breach *of the promise is the not indemnifying the plaintiff [-*278] against the payment of the bond, and is not the nonperformance of any contract, to which the principal was bound by deed to the surety.
Upon the whole record the defendants are entitled to judgment

 3 Esp. Rep. 159