McNEILLY, Respondent, v. PATCHIN, Appellant.

1. Successive accommodation endorsers are not co-sureties as between themselves, unless there is an understanding or agreement to that effect. They are responsible in the order of their endorsements.

*Appeal from St. Louis Court of Common Pleas.*

The facts are sufficiently stated in the opinion of the court.
*M. L. Gray*, for appellant, cited the following authorities : 20 Mo. 229 ; 18 Mo. 74, 140 ; Douglass v. Waddle, 1 Ohio,

191 ; 7 Mo. 440; 12 Ohio, 167 ; 9 Ohio, 159 ; 9 Vermont, 345; 12 Verm. 219 ; 16 Verm. 554 ; 2 Mich. 555 ; 1 Doug. (Mich.) 296.

*A. D. Glover*, for respondeut, cited the following authorities : Bank of United States v. Beirn, 1 Grattan, 234 ; Hubbard v. Williamson, 5 Iredell, 297 ; Williams v. Bossan, 11 Ohio, 62 ; Sherrod v. Rhoades, 5 Ala. 683 ; Cathcart v. Gibson, 1 Richardson, 10 ; Marr v. Johnson, 9 Yerg. 1 ; Howe v. Merrill, 5 Cush. 80 ; Irvin v. Manny, 1 Miss. 194 ; McNeill v. Elam, Peck, 268 ; McDonald v. Magruder, 3 Pet. 470 ; Story on Prom. Notes, sec. 479 ; Lewis v. Harvey, 18 Mo. 80 ; Story on Prom. Notes, § 348 ; 4 McLean, 396.

RYLAND, Judge, delivered the opinion of the court.

This was a suit by McNeilly, who was an accommodation endorser, against Patchin, who was also a prior accommodation endorser, to recover the amount paid by him to the holder of the note. Defence was that the note was executed wholly without consideration, so far as the defendant was concerned ; that it was endorsed by plaintiff and defendant in blank, as co-securities for Clarkson, and delivered to him to be discounted ; that both plaintiff and defendant endorsed the note in blank as co-securities for Clarkson, and not as succession accommodation endorsers ; that defendant is not liable to plaintiff at all on the note, or, if liable, is only so for contribution ; also that there was no notice sufficient to charge endorsers.

There was a trial by the court, and the facts found by the court are substantially as follows : That Clarkson, the maker, applied to Thompson to have him discount a note, to be drawn by him (Clarkson) and endorsed by Patchin, the defendant, a portion of the proceeds of which was to be applied by Thompson to the payment of Clarkson's indebtedness to him. Thompson declined discounting such a note unless the name of the plaintiff was also procured on the note. Thereupon said Clarkson, for whom Patchin had been in the habit of endors-

ing as accommodation endorser, applied to the defendant, Patchin, to endorse said note, and stated to said Patchin what had occurred between him and Thompson. The defendant endorsed said note for Clarkson's accommodation; Clarkson also applied to plaintiff to have him endorse the same subsequent to Patchin's endorsement, and stated to the plaintiff that Thompson had agreed to discount such a note. Clarkson was at that time indebted to the plaintiff, and promised the plaintiff if he would so endorse the note that he (Clarkson) would pay to the plaintiff fifty dollars on account of said indebtedness to him. Whether said fifty dollars were to be paid out of the proceeds of the note does not appear. The solvency and ability of the defendant to pay the note, were known to said Clarkson and the plaintiff, and something was said with reference thereto by Clarkson when he applied to the plaintiff to endorse said note. Thereupon, the plaintiff put his name on the back of said note, under that of the defendant, who was the payee thereof, and said note was then taken by said Clarkson to Thompson and was discounted by the latter. The court finds that the note was not paid; was presented for payment, which was refused, and was duly protested; that notices of protest were given, a copy of which was inserted by the court in its finding. Rankin, who was also an endorser, paid the note and sued the maker, McNeilly and Patchin. The maker, Clarkson, was not served with process, and the suit was dismissed as to him. McNeilly neglected to answer; there was an answer by Patchin denying due notice of presentment for payment. Judgment by default was taken against McNeilly, and the suit was dismissed as to Patchin. McNeilly paid the amount of the judgment on execution against him, being $340 56, on 5th January, 1855.

The court finds that at the time said McNeilly put his name on the back of the note, he knew that Patchin had previously endorsed the same for the accommodation of Clarkson, and said McNeilly understood the purpose to which said note was to be applied by said Clarkson. There was no understanding or agreement between said Clarkson and the plaintiff, nor between

the plaintiff and the defendant, Patchin, that the plaintiff was to endorse said note in any other way than as second endorser, or that he was to be co-surety with said Patchin, the defendant. The court below rendered judgment for the plaintiff, and the cause is brought here by appeal on the part of the defendant.

The court below finds that the plaintiff and defendant were successive endorsers, without any concert—any understanding or agreement between them, in regard to the manner of endorsing ; there was nothing to show that the plaintiff was to occupy any other position than as second endorser—nothing that they were to be joint sureties—co-securities for Clarkson.

When two or more persons are sureties for another, the law implies a promise from each to contribute equally towards any loss which may be occasioned thereby. If they become sureties by successive endorsements on mercantile paper—as that is a form of contract, which, in general, binds the first to indemnify the second—the law presumes that they mean to stand as they have placed themselves. But if there was an agreement between them to become endorsers for the accommodation of the drawer, the latter presumption is removed, and the original one restored.

The first endorser undertakes that the maker shall pay the note, or that he will pay it, if due diligence be used for him. This undertaking makes him responsible to every holder, and to every person whose name is on the note subsequent to his own, and who has been compelled to pay the amount.

The defendant contends here that he is not liable, or, if liable, he is only so for his portion, as he was a joint surety or a co-security with the plaintiff. If this were so, that is, if he were co-security only, then he would only be liable to contribute. "Co-sureties are bound to contribute equally to pay the debt they have jointly undertaken to pay ; but the undertaking must be joint, not separate and successive." (See Chief Justice Marshall's opinion in McDonald v. Magruder, 3 Pet. 474.) In this case before us, McNeilly and Patchin might have be-

come joint endorsers. Their promise might have been a joint promise. In that event each would have been liable to the other for a moiety. But their promise is not joint. They have endorsed separately and successively, in the usual mode. No contract, no communication has taken place between them which might vary the legal liabilities these endorsements are known to create. These legal liabilities, therefore, remain in full force.

The Supreme Court of Ohio, in Williams v. Bossom & Bros. (11 Ohio, 67,) say that the case of Douglass v. Waddle, (1 Ohio, 413,) was decided in 1824. At that time, the form of obtaining accommodations from banks was on notes only ; upon such notes, a local usage obtained, holding the sureties on such paper as joint securities only, and not liable to each other in the order of their coming upon the notes. It is this local rule which is recognized and established as law by the authority of that case. The court, in this case of Williams v. Bosson & Bros., decides that the endorsers of an accommodation bill are not joint sureties, but are liable to each other, in the order of their becoming parties.

The cases referred to by the appellant's counsel in Vermont Reports, show that the law is settled in that state, which holds that one who endorses his name upon a promissory note in blank, he not being payee, is *prima facie* holder as a joint promissor. (Strong v. Riker, 16 Verm. 557 ; Nash v. Skinner, 12 Verm. 219.) In Flint v. Day, (9 Verm. 345,) it was held, that where a person, not a party to a note, signs his name on the back, without any words to express the nature of his undertaking, he is to be considered as a joint promissor, with the other signers, and if any of the other signers are merely sureties, he is to be considered as a co-surety with them. Yet, in this case, the court, in the opinion of C. J. Williams, stated : " Endorsers are not co-sureties, but their undertaking is separate and successive." In McDonald v. Magruder, Marshall, Chief Justice, asks the question, " In what does the claim of the second on the first endorser differ from that of the holder

on the second endorser ?   Neither has paid value to his immediate endorser, but the holder has paid value to the maker, on the credit of all the names to the instrument.   The second endorser, if he takes up the note, has paid value to the holder, in virtue of the liability created by his endorsement.   If this liability was founded equally on the credit of the maker and of the first endorser, if his undertaking on the credit of both subjects him to the loss consequent on the payment of the note, how can the contract between him and his immediate endorser be said to be without consideration ?   We would not wish to be understood as saying that two persons who endorse for a third can not be considered as joint endorsers or as co-sureties.   We have no doubt that any understanding between them to that effect, or any communication between them, authorizing the belief that such is to be their liability, as respects themselves, would be sufficient to let the case go to the jury, for their decision on the fact, whether they were joint sureties or whether they were to be considered endorsers successively, each responsible according to the place his name occupied on the note. Persons who are willing to assist or to lend their names to another to obtain money, can always, if they will make themselves bear the relation to each other as joint sureties—co-securities, and liable to contribute to any loss in consequence of such use of their names.

But, in the absence of any understanding or agreement between them, the simple fact that the note was accommodation paper and they merely endorsed it, will not make them joint sureties.   From the finding of the court, then, in this case, the judgment is correct, and must be affirmed ; the other judges concurring.