THE FIRST NATIONAL BANK OF HANNIBAL, Respondent, v. JOHN D. MEREDITH, Collector, Appellant.

1. *Revenue — Act of Congress — Bank shares — Taxes — Assessments made, how.*— Under the provisions of section 41 of the act of Congress of June 3, 1864, re-enacting and amending the act of February 25, 1863 (U. S. Laws 1863–4. p. 112), the county collector should make his assessments for taxes on bank shares against the shareholders personally, and has no right to collect the tax by selling the property of the bank, or the shares or other property of the shareholders, except that of the delinquent.

2. *Revenue — Banks — Act of Congress — Illegal tax — Injunction, when proper.*—Injunction by a bank organized under act of June 3, 1864, to restrain the collection of taxes, is not the proper remedy for an illegal or irregular tax, unless the sale of the property is accompanied by such circumstances that it will work irreparable mischief.

3. *Revenue — Banks, under act of Congress of June 3, 1864 — Assessments against banks for tax on shares — Injunction — Demurrer.*— Suit by a banking institution organized under act of Congress of June 3, 1864, to enjoin the collection of taxes assessed against itself on its bank shares, has no equity. The bank, as a corporation, will lose nothing if the shares of its stockholders are sold. The shareholders are the ones who suffer, and they, if any one, are entitled to relief. In such suit demurrer will properly lie for that reason.

*Appeal from Sixth District Court.*

*W. M. Boulware*, for appellant.

I. The collector had the right under State authority to tax the shares of stock owned in this corporation. (Lionberger v. Rowse, 43 Mo. 67.)

II. An injunction will not lie to restrain the sale of personal property for taxes. (Sayre v. Tompkins, 23 Mo. 443 ; Deane v. Todd, 22 Mo. 90 ; Lockwood *et al.* v. St. Louis, 24 Mo. 20 ; State v. P. G. R. R.R. Co., 32 Mo. 496.)

III. Injunction does not lie in this case. If the assessment is void, the collector who levies upon personal property under it is a trespasser *ab initio*, and responsible on his official bond. (State to use Hann. & St. Jo. R.R. v. Shacklett, 37 Mo. 280, and cases cited.) If not void, but merely irregular, respondent was provided by law with an easy and summary remedy, and there was no ground for equitable interposition. (See Missouri cases above cited; Mintern v. Hays, 2 Cal. 590; Wilson v. Mayor, etc., 4 E. P. Smith, 675; Robinson v. Gaar, 6 Cal. 273; Insurance Co. v. New York, 33 Barb. 322; Munson v. Minor, 22 Ill. 303; Chicago v. Frary, *id.* 34; Van Rensalaer v. Kidd, 4 Barb. 17; Livingston v. Hollenbeck, *id.* 9; Dodd v. Hartford, 25 Conn. 232; Green v. Mumford, 5 R. I. 478; Mechanics, etc., v. De Bolt, 1 Ohio, 591; Hughes v. Kline, 30 Penn. 227; Methodist, etc., v. Mayor, etc., 2 Md. Ch. Decis. 78.)

IV. If an injunction will lie to restrain the sale of these shares, it will not lie at the evil of the bank.

*Green & Wilson*, for respondent.

I. Shares of national bank stock can only be taxed by State authority in strict conformity with the act of Congress of June, 1864. ( Van Allen v. The Assessors, 3 Wall. 573–581; Bradley *et al.* v. The People of Illinois, 4 Wall. 459; The People *ex rel.* Duer v. The Tax Commissioner of New York City, 4 Wall. 244; Wright, auditor, etc. v. Stilz, 6 Am. Law Reg., N. S., 471–5; Frazer v. Siebern *et al.*, 16 Ohio, 614; 6 Am. Law Reg., N. S., 475–93; Markoe *et al.* v. Hartranft *et al.*, *id.* 487–93; Hubbard *et al.* v. Supervisors of Johnson County; Davenport National Bank v. The County of Scott *et al.*; National Bank of Oskaloosa v. Young, — Iowa, —.)

II. The State revenue act of 1863, requiring banking corporations to pay the taxes assessed on the shares of individual stockholders, does not conform in the mode of taxation with the requirements of the national bank act of June 3, 1864, and as to the shares of national bank stock is therefore inoperative and void. (3 Wall. 573–586; St. Louis Building and Savings Association v. Lightner, 42 Mo. 421; Lionberger v. Rowse 43

Mo. 67; Markoe *et al.* v. Hartranft *et al.*, 6 Am. Law Reg., N. S., 489–93.)

III. The petition states facts sufficient to constitute a cause of action. The court in this case had authority to grant an injunction. (1 Sto. Eq. Jur. §§ 32, 33, 64, 76.)

BLISS, Judge, delivered the opinion of the court.

The Hannibal Court of Common Pleas allowed an injunction against defendant as tax collector for Marion county, to restrain him from the collection of taxes upon the bank shares illegally assessed against the bank. The petition sets forth the organization of the bank, under the law of Congress of June 3, 1864, with a capital of $100,000, and the names of the shareholders, showing that some of them resided in said Marion county, some of them in the State outside of the county, and that some were non-residents of the State, and averring that they were not liable to be taxed upon their shares except according to the act of Congress. The petition sets out the statutes of Missouri, in relation to the collection of taxes from banks, as contained in the revision of 1865, and avers that, in accordance with these provisions, the taxes of all the shareholders, for their stock, were assessed by said collector against the bank, and, in default of payment, that he seized and advertised for sale, to satisfy the same, the whole one thousand shares, comprising its capital stock. The petition charges that the shares are not taxable by law, and that their seizure is unlawful, and avers that their sale will greatly damage the bank by impairing its credit and stability, and injure the owners of the stock by casting a cloud over its title and destroying its convertibility, for which the law furnishes no remedy unaided by equity. The petition also claims that neither the plaintiff or its stockholders are liable to taxation, except at the rate of one per cent. upon its capital, in accordance with the assessment upon certain of the old banks of the State; and, after claiming other irreparable damage from the threatened action of defendant, asks for an injunction. A preliminary injunction was allowed, and, upon appearance and demurrer to the petition, it was made perpetual.

The action of the Court of Common Pleas was affirmed in the District Court, and defendant appeals.

Two questions are raised by this record: first, the liability of the plaintiff to pay the taxes charged to its stockholders; and second, if not liable, its right to equitable relief. The first of these questions has been fully considered and decided by this court since this petition was filed, in Lionberger v. Rowse, 43 Mo. 67. The action complained of was not the same as in the case at bar, but the collector sought to collect the tax assessed upon the plaintiff's shares in a national bank, of the plaintiff himself, and not of the bank, and the court held that his action was a substantial compliance with the act of Congress. The error of the present defendant, or rather of the assessor, was not in seeking to collect taxes upon the shares of a national bank, but in assessing them against the bank. The liability of the shareholders to taxation by State authority is recognized by section 41 of the act of Congress of June 3, 1864, which is a re-enactment and amendment of the act of February 25, 1863 ; for by its terms it guards against any construction, that shall exempt " all the shares " from assessment by State authority " at the place where such bank is located, and not elsewhere, but not at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such State." The case of Lionberger v. Rowse fully settles what this rate may be. But while the assessor may obtain of the bank a list of the shareholders as provided by our statute, he should make the assessment against them personally, and hence has no right to collect the tax by selling the property of the bank, or the shares or other property of any shareholder, except that of the delinquent. But, notwithstanding the error of the assessor, there is no equity in this petition, for two reasons : first, it is well settled that an injunction to restrain the collection of taxes is not the proper remedy for an illegal or irregular tax, unless the sale of the property is accompanied by such circumstances that it will work irreparable mischief, or, in the language of the statute, when an adequate remedy can not be afforded by an action for damages. It is unnecessary to cite the numerous authorities in England, and

other States, and I will only refer to the following from our own reports : Dean v. Todd, 22 Mo. 90 ; Sayre v. Tompkins, 23 Mo. 43 ; Lockwood v. St. Louis, 24 Mo. 20 ; State v. P. G. R. R.R. Co., 32 Mo. 496. There are no circumstances of peculiar hardship attending this threatened sale. But, second, the plaintiff has no equity, for the reason that its property is not in jeopardy. The bank, as a corporation, will lose nothing if the shares of its stockholders are sold. The shareholders are the ones who suffer ; and they, if any one, are entitled to relief. The demurrer to the petition should have been sustained, and for overruling it the Court of Common Pleas committed an error.

The judgment of the District Court and Court of Common Pleas is reversed and the cause remanded. The other judges concur.