HENRY T. SINGLETON, Appellant, *v.* ELLISON TOWNSEND, ADM'R,
etc., Respondent.

1. *Bills and notes — Contribution — Suit for, by co-surety—Statute of limitations.*— In case of suit for contribution by a surety on a bill of exchange against his co-surety, the statute of limitations commences running against his claim from and after the day on which he paid the original judgment on the bill, and not from the time when the bill was dated; and his claim is not operated on by the limitation of ten years, but by that of five

*Appeal from Fifth District Court.*

*Heren & Rea*, for appellants.

The limitation in this case was ten, and not five, years. (1 Pars. on Cont. 471, note *c*, p. 35.)

*Kelly & Davis*, for respondents.

In the case of one surety paying the debt of the principal, or more than his aliquot part, a right of action accrues to him for contribution; and hence the statute of limitations begins to run against him at the time of such payment, and not until then. (Chit. on Cont. 814–16; Chit. on Bills, 610; 1 Pars. on Cont. 36; 2 Pars. on Cont. 370, 372; 3 Pars. on Cont. 90, 91; 2 Sto. on Cont. 643, § 1011; 2 Pars. on Notes and Bills, 254, § 7; Ang. on Limit. 118, 119; 12 N. Y. 470; 6 Iowa, 516; 25 Iowa, 300, 304; 1 Metc. 387.)

CURRIER, Judge, delivered the opinion of the court.

The defendant's intestate and the plaintiff were accommodation parties to a bill of exchange. The bill matured September 2, 1861, was sued upon and went into judgment April 17, 1862, and the judgment was paid in full by Singleton, September 18, 1863 — the principal debtor, in the meanwhile, having become insolvent. This suit was commenced June 21, 1869, more than five years after Singleton paid the judgment, but less than ten years from the maturity of the original bill. The statute of limitations is interposed as a defense, and the only question

presented for consideration is whether the limitation of ten, or that of five years, applies to the case.

Ordinarily, the only difficulty to be overcome, in determining whether a claim is barred by the statute, consists in fixing definitely the date when the limitation commenced running. This being settled, the rest is usually easy. In the case at bar, the statute commenced running against the claim sued upon on the day Singleton paid the judgment, and not till then. He then, and not till then, acquired a right of action against his co-surety for contribution. So much is clear and certain. (1 Pars. on Cont. 36 ; 2 Pars. on Notes and Bills, 254, § 7 ; Walker v. Lathrop, 6 Clarke, Iowa, 516 ; Burry v. Ransom, 12 N. Y. 470–1, and cases cited in the opinion of the court.) The statute of limitations applicable to the case must therefore be a statute that commenced running against the plaintiff's demand from and after the day on which the judgment was paid. But the ten years' limitation contended for did not commence running at that time. It had already then been in progress for more than two years, and could not, therefore, operate upon the cause of action upon which this suit is based. In a word, the plaintiff is not suing upon the original bill of exchange, or upon any express undertaking of the defendant, but simply upon a promise which the law implies, and which springs out of the antecedent relations of the parties. The plaintiff had no cause of action against the defendant until he paid the debt, and the statute could not commence running adversely to a cause of action that had no existence, nor until a right to sue had accrued. The plaintiff would have had the right to sue at any time within five years of the date of payment, although he had not paid the judgment till the last month of the supposed ten years' limitation. This shows that his claim is not operated upon by the limitation of ten years, but by that of five years. Moorman v. Sharp, 35 Mo. 283, was a suit founded directly upon a written instrument, and the decision has no application to this suit, which is indisputably founded upon an implied promise.

The foregoing views involve an affirmance of the judgment. The other judges concur.