WILLIAM P. MAJOR *vs.* MELISSA HOLMES.
OTIS S. BROWN *vs.* MARY FITZGERALD & another.
IRA E. BOWKER *vs.* BRIDGET QUILTY & another.

Middlesex.    January 18. — February 6, 1878.

Under the St. of 1874, c. 184, a promissory note made by a married woman jointly with her husband, for no other consideration than a debt of his to the payee, binds her.

THREE ACTIONS OF CONTRACT upon promissory notes made by husband and wife after the St. of 1874, c. 184,* took effect. The consideration of the note in each case was a debt of the husband to the payee, and not money advanced or expended on the separate property of the wife.    The first action was brought against the wife alone after the death of the husband.    The second and third actions were brought against both husband and wife.

Each case was submitted upon the facts above stated to the Superior Court, which gave judgment for the plaintiff ; and the defendants appealed.

The first and second cases were submitted on briefs by *L. Marrett*, for the plaintiffs, and *W. F. Gile & J. S. Gile*, for the defendant in the first case, and *E. G. Walker*, for the defendants in the second case.    The third case was argued by *P. H. Cooney*, for the plaintiff, and *N. C. Berry*, for the defendants.

GRAY, C. J.    Before the St. of 1874, c. 184, the female defendant would not have been liable in either of these cases, because contracts could only be made by a married woman in reference to her separate property, business or earnings.    Gen. Sts. c. 108, § 3.    *Williams* v. *Hayward*, 117 Mass. 532.    *Nourse* v. *Henshaw*, 123 Mass. 96.

---

* By § 1 of that act, " a married woman may convey her shares in corporations and lease and convey her real property, and make contracts oral and written, sealed and unsealed, in the same manner as if she were sole ; " but "nothing in this act shall authorize a married woman to convey property to, or make contracts with, her husband."    By § 3, " a married woman may sue and be sued in the same manner and to the same extent as if she were sole, but nothing herein contained shall authorize suits between husband and wife.'

But this statute has removed that restriction, and in the broad-est terms enables a married woman to "make contracts, oral and written, sealed and unsealed, in the same manner as if she were sole," and does not require that the consideration of her contracts should enure to her own benefit.   The provision that nothing in this act shall authorize her "to convey property to, or make con-tracts with, her husband," is evidently not intended to impose any new restriction on her capacity, but merely to affirm the rule of the common law, so far as her husband is the other party to her grant or contract; and does not prevent both of them from binding themselves by a joint promise to a third person, within the authority conferred by the statute. *Parker* v. *Kane*, 4 Allen, 346.

The female defendant in each of the cases before us is there-fore liable to the plaintiff upon her contract with him, although, by reason of her incapacity to contract with or to sue her hus-band, no contract of indemnity could be made or implied as between them, as there might be in the case of two promisors capable of contracting with and suing each other.   A contract of indemnity between principal and surety is no part of, and nowise affects their contract with the creditor. *Penniman* v. *Vinton*, 4 Mass. 276.   *Carpenter* v. *King*, 9 Met. 511.

*Judgments affirmed.*