THE CITY OF SPRINGFIELD, *Appellant*, v. THE FIRST NATIONAL BANK OF SPRINGFIELD.

1. Taxation: BANK STOCK. Assessment of taxes against bank stock must be made against the shareholders personally.

2. ——— : ———. The fact that the officers of the bank refuse to furnish the assessor with a list of shareholders, affords no reason for making the assessment and enforcing the tax against the property of the bank.

*Appeal from Greene Circuit Court.*—HON. W.F. GEIGER, Judge.

AFFIRMED.

*J. P. McCammon* for appellant.

The demurrer to the petition should have been overruled. Shares in national banks are liable to assessment. *Lionberger v. Rowse*, 43 Mo. 67 ; *First National Bank v. Meredith*, 44 Mo. 500 ; *Curtis v. Ward*, 58 Mo. 295. Under section 6693, Revised Statutes, 1879, it is the duty of the bank to pay the tax, and it may recover from the owners of the stock the amount so paid. *First National Bank v. Meredith*, 44 Mo. 500 ; *National Bank v. Commonwealth*, 9 Wallace, 363 ; *First National Bank v. Douglas Co.*, 1 Cent. Law Journal, 589; *First National Bank v. Peterborough*, 22 Am. Rep. 424, 427 ; *Commonwealth v. Bank*, 1 Am. Corp. Cases, 558.

*J. R. Vaughan* for respondent.

(1) The petition is insufficient in that it avers no authority in the assessor by ordinance or otherwise, to assess the property in the manner stated, or in any other way. (2) The petition does not charge, as it should, any actual levy or extension of taxes on a tax book by the city clerk or by some one authorized to do so. *State, etc., v. Harper*, 11 Mo. App. 301 ; *Brown v. Harris*, 52 Mo. 306. (3) The tax is invalid because levied against the bank upon its entire capital stock, and not specifically against the shareholders. *Lionberger v. Rowse*, 43 Mo. 67 ; *First National Bank v. Meredith*, 44 Mo. 500 ; *State, etc., v. Dowling*, 50 Mo. 134 ; *St. Louis & B. S. Association v. Lightner*, 42 Mo. 421 ; *Nat. Com. Bank v. Mayor, etc.*, 62 Ala. 284 ; *Sumpter Co. v. Bank*, 62 Ala. 464. (4) There is nothing stated in the petition which gives the city the

right to sue. *City, etc:, v. Picot*, 38 Mo. 126 ; *State, etc., v. Goodnow*, 80 Mo. 271 ; *State, etc., v. Heman*, 7 Mo. App. 428 ; *Alexander v. Helber*, 35 Mo. 334 ; *Town, etc., v. Miller*, 77 Mo. 56. (4) A demand for the payment of the tax should have been alleged.  R. S., sec. 6754 ; *Thompson v. Gardner*, 10 Johns. 404 ; *St. Anthony v. Greely*, 11 Minn. 321.

NORTON, J.—This case is before us on plaintiff's appeal from the action of the circuit court in sustaining a demurrer to the following petition :  The petition, after stating that defendant was a banking corporation, organized under the laws of the United States, and doing business in Springfield, proceeds to state that plaintiff by her charter, granted by a public act of the legislature, had power by and through her city council to levy and collect taxes upon real and personal property within her corporate limits not to exceed one per cent. of the assessed value thereon, and to apply such penalties for the non-payment thereof as said council may see fit.  That by virtue of said power, the city council of said city of Springfield did, by an ordinance approved March 29, 1880, entitled an ordinance for the levying of a tax for current expenses, and a special tax for an " interest and sinking fund and past indebtedness fund," levy a tax for said year 1880, of one dollar on the one hundred dollars valuation on all property, real and personal, within the corporate limits of said city, which was subject to taxation, which said levy was distributed as follows, viz. : One-half of one per cent. for the current expenses of the city for the fiscal year, commencing March 1, 1880, and one-half of one per cent. for the interest and sinking and past indebtedness funds.  That as a basis for the said levy, and in conformity with an ordinance entitled " an ordinance in revision of ordinances for the government of the city of Springfield," approved March 22, 1878, the

duly elected and qualified assessor of said city, acting under the authority of said city council, as expressed in said last mentioned ordinance, did, between the first Monday in August, 1879, and the first Monday in February, 1880, make an assessment of all the property, real and personal, within the corporate limits of said city which was subject to taxation."

That at said dates hereinbefore mentioned, the capital stock of said defendant was $50,000, and the sum was divided into shares of one hundred dollars each, par value. That between said dates, to-wit: the first Monday in August, 1879, and the first Monday in February, 1880, the said city assessor did call upon and demand of the cashier and the president of said defendant, a list of stockholders of said defendant and the amount or number of shares held by each; but said cashier and said president, each in violation of the statute in such case made and provided, failed and refused to deliver said list of shareholders as aforesaid, wherefore the said assessor was unable to assess the individual shareholders as required by law; but plaintiff avers that, acting upon his best information and under the law in such case made and provided, said city assessor assessed said defendant $100,000 on the aggregate shares of stock of said defendant. That defendant at no time before the commencement of this suit, and not until a long time after said commencement, objected to the irregularity of said assessment against said bank for the aggregate shares; but on the contrary, by its cashier, tendered to plaintiff the sum of three hundred and thirty-three dollars in payment of said taxes; the said defendant objecting only to the assessment of said stock at its full valuation, instead of a two-thirds valuation thereof. That afterwards the board of equalization of Greene county, state aforesaid, fixed the assessment of said stock of defendant at the sum of $50,000 on the tax books of said county, and,

therefore, the valuation made by the city assessor was reduced by the city council to the said sum of $50,000. That the said council, by an ordinance entitled " an ordinance in revision of the ordinances for the government of the city of Springfield," approved March 22, 1878, applied a penalty of ten per cent. on all taxes not paid to the collector by the first Monday in September of the year for which they were levied. That the taxes on said stock of defendant amounted to the sum of five hundred dollars, and the penalty for their non-payment in due time to the sum of fifty dollars, making in all the sum of five hundred and fifty dollars. That defendant is indebted to the plaintiff in the said sum as will more definitely appear from the account herewith filed ; which sum is yet due and unpaid, for which plaintiff asks judgment and for costs.

In the cases of *Lionberger v. Rowse*, 43 Mo. 67, and *First National Bank v. Meredith*, 44 Mo. 500, it was held that, under the statute of this state, persons owning shares of stock in banks and other incorporated companies taxable by law, are not required to deliver to the assessor a list thereof, but that the president or other chief officer of such corporation shall deliver to the assessor a list of all shares of stock therein, and the names of the persons who hold the same ; that the taxes assessed on the shares of stock embraced in such list shall be paid by the corporations respectively, and they may recover from the owners of such shares the amounts so paid by them, or deduct the same from the dividends accruing on such shares, and the amount so paid shall be a lien on such shares respectively, and shall be paid before a transfer thereof can be made ; that such assessment is distinctly and separately required to be made against the shareholders. In the case last cited it is said, " While the assessor may obtain of the bank a list of the shareholders as provided by statute, he should make the

assessment against them personally, and hence the collector has no right to collect the tax by selling the property of the bank, or the share or property of any shareholder except that of the defendant." The petition admits that the tax sought to be enforced against the bank ought, under the law, to have been assessed against the shareholders personally, and avers that it was not so done because the officers of the bank violated the law in refusing to furnish the assessor with a list of the shareholders.

The violation of the law by the officers of the bank, which, under section 6694, Revised Statutes, subjected them to the payment of the sum of one thousand dollars to the state to be recovered by indictment, neither conferred a right upon the assessor which the law denied to him, nor justified him in making the assessment in any other mode than is by the statute prescribed. Notwithstanding the refusal of the officers of the bank to furnish the assessor with a list of the shareholders, other effectual means of information were open to him under section 5210, Revised Statutes of the United States, which requires the president and cashier of every national association, at all times, to keep a correct list of the names and residences of the shareholders, and the number held by each, and further provides that the same shall be open to the inspection of the officers authorized to assess taxes under state authority. The petition does not aver that the assessor ether demanded such inspection, or that it was denied to him, or that such list was not in fact kept as required by the law of Congress. Besides this, our statute contemplates that when the tax assessed upon shares of stock is not paid, that the tax is to be enforced, not by suit against the bank, but by the sale of the stock of the shareholders. To this end it is provided by section 6756, that it shall be the duty of the cashier, secretary or chief clerk of any coporation, the shares of which are taxable by law, at the request of the

collector to give him a certificate showing the number and amount of shares held in the stock of such corporation, the names of the holders and the incumbrances thereon, and such collector, in default of the payment by the corporation of the taxes due thereon, shall sell the same for the payment of such taxes.

In view of this and other sections of our statute, it was expressly held in the case of *First National Bank v. Meredith, supra,* that the assessor should make his assessment for taxes on bank shares against the shareholders personally, and the collector has no right to collect the tax by selling the property of the bank, or the shares or other property of the shareholders, except that of the delinquent. To adjudge the petition in this case to be sufficient would be to allow the property of the bank to be subjected to the payment of the taxes of the delinquent shareholders, which the authority referred to declares cannot be done. Judgment affirmed, in which all concur.