L. L. GREGG, Respondent, v. CHARLES P. CARROLL, Appellant.

Kansas City Court of Appeals, May 5, 1919.

1. **BILLS AND NOTES: Contribution: Joint Makers: Joint Endorsers: Limitations.** A note payable to two payees was jointly endorsed by them to a third party. Afterwards one of them paid the whole sum, and then, in more than five years but less than ten, sued his coendorser in contribution, for one-half. It was *held* that the five year Statute of Limitation, and not the ten, governed and the action was barred.

2. ————: **Statute Limitation: Pleading: Agreed Statement.** Though a case arises in the court of a justice of the peace, in order to have the benefit of the Statute of Limitations the record must show that it was interposed in the trial court. But if the case is submitted on an agreed statement of facts showing the action is barred and that is the only defense on the statement, the statute is thereby interposed by the defendant.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas,* Judge.

REVERSED.

*Conger R. Smith* for respondent.

*George & Thomas H. Kingsley* for appellant.

ELLISON, P. J.—On June 1, 1905, one J. P. Smith executed his note to Charles P. Carroll and L. L. Gregg, or order, for $90, due in six months. Afterwards Carroll and Gregg jointly sold and endorsed the note to one Gosh. Three years after it became due (June 25, 1908) Gregg paid the whole of it and more than seven years thereafter December 15, 1915, brought this action against Carroll for one-half what he paid. He recovered judgment in the trial court.

The question is one of limitation and involves the ten and five years statute (Secs. 1888 and 1889, R. S. 1909). Plaintiff contends that it is governed by the ten year period, while defendant insists that it falls under the five year period. It will be observed that the ten year period applicable to the note itself, which fell due December 1, 1905, would expire December 1, 1915 and that when plaintiff brought this suit for contribution more than seven years had run from the date he paid the note. So if the ten year statute applies the suit was not barred, but if the five year statute applies it was.

The ten year statute (Sec. 1888) reads; that actions shall be brought "upon any writing, whether sealed or unsealed, for the payment of any money or property;" etc. The five year statute (Sec. 1889) reads; that actions shall be brought "upon contracts, obligations or liabilities, express or implied, except those mentioned in section 1888," etc.

The question is, was the obligation existing between plaintiff and defendant *as between themselves,* as joint endorsers, a written contract as contemplated by the ten year statute? or was it merely an implied obligation contemplated by the five year statute? If the former the judgment should be affirmed, but if the latter it should be reversed.

When plaintiff and defendant jointly endorsed the note, they became jointly obliged in writing to third parties to pay it, if duly notified that the payor had defaulted (in this case notice and protest were waived).

As joint obligors if one paid the whole debt, the law, from principles of equity or natural justice, raised up an implied contract that the other would reimburse him one-half. They became co-sureties as to each other. [Weeks v. Parsons, 176 Mass. 570; McNeilly v. Patchin, 23 Mo. 40, 44; 2 Daniel Neg. Inst., sec. 1340.] There was no written contract that either would reimburse the other. The obligation is not expressed in the note, but it arises from the relationship to one another, and hence, from the very terms of the statute itself, the ten year period would not apply and hence when the action was brought, it was barred by the five year statute.

Plaintiff concedes that he has no case from this State upon the question as between joint endorsers or joint obligors. He has however cited a number from which he undertakes to apply the principle announced in them in this case. We think they are not applicable. The only case cited by him, applicable in the facts, is Caldwell v. Hurley, 41 Washington, 296. But the statute there is unlike ours and that of most of the States. It reads that actions shall be brought "upon a contract in writing, or liability expressed or implied arising out of a written agreement." The court calls attention to the statute being unlike that of most of the States and said, that: "The Legislature evidently thereby intended that a certain class of actions should be included within the terms of said section which had not in other States been associated or connected with actions on written instruments or actions founded upon written agreements."

So far as the principle involved here is concerned plaintiff and defendant may be considered as joint makers of the note with one paying the whole amount. In such instance the party paying the whole sum due on the note has his action for contribution against his comakers, not on any promise contained in the note, but on an implied promise raised out of the relation of the parties. [Seaton v. Seaton, 35 Ind. 88, and cases cited below.]

So, so far as the principle is concerned, the parties may be considered as cosureties. In that relation, the law is that when one pays more than his share of the common debt, principles of equity, which have ripened into an implied right at law, raise up an obligation on part of the non-paying surety to reimburse the other (Burrus v. Cook, 215 Mo. 496, 511, s. c., 117 Mo. App. 385, 408; Singleton v. Townsend, 45 Mo. 379; Faires v. Cockerell, 88 Texas, 428, 437, 438; Camp v. Bostwick, 20 Ohio St. 337; Guild v. McDaniel, 43 Kan. 549; Bushnell v. Bushnell, 77 Wis. 435), and the five year period applies.

Plaintiff cites Maddox v. Duncan, 143 Mo. 613, 622; Reyburn v. Caskey, 29 Mo. 129; Carr v. Thompson, 67 Mo. 472, 476 and other like cases. These cases state the general nature of the liability of an endorser arising out of his promise to others contained in his written endorsement. They do not apply to the implied promise of endorsers *to one another,* that either will repay the other whatever sum the latter may be compelled to pay on his endorsement over and above his share. So, repeating what we have already said, the obligation which two endorsers undertake to the creditor on their written endorsement is a promise in writing of each to pay the note, but the liability of joint endorsers *as between themselves* is an *implied* obligation arising out of the equity of the relationship, and hence falls within the five year period of limitation.

It is suggested that although the case arose before a justice of the peace, yet defendant should have shown in some way that he interposed the statute (Revelle v. Railroad, 74 Mo. 438, 442), but this case was submitted on an agreed statement of facts showing the note to be barred and that limitation is the only defense. The judgment is reversed. All concur.