### W. S. MOORE ET AL. v. J. V. JENKINS.

No. 2702. Decided May 14, 1919.

**1.—Contract—Breach—Intent—Refusal to Perform.**

Though mere intent by a promissor not to perform his contract does not constitute a breach thereof, his positive and unconditional declaration that he would not perform may be treated as a repudiation of the contract and a termination of it. Kilgore v. N. W. Bapt. Ed. Assn., 90 Texas, 142. (Pp. 464, 465.)

**2.—Same—Sheriff's Sale—Fraud.**

The owner of a judgment foreclosing a vendor's lien agreed with one of the defendants in judgment, that the latter should not bid at the foreclosure sale, for his own protection, and that the former, thus enabled to buy the land cheaply, would then release the latter from further liability on the judgment. The judgment owner, before the sale, but too late to enable the other to become a bidder, repudiated his promise to release from the judgment. Held, that such action constituted a fraud in the sale upon the one so deprived of opportunity to bid, entitling him to have the sale set aside. (P. 465.)

**3.—Same.**

A judgment defendant in foreclosure who had agreed with the owner of the judgment not to bid at the sale, in consideration of the latter's agreement to release him from further liability on the judgment, when the latter, before the sale, repudiated such agreement, was entitled to treat the agreement at once as terminated, and was not remitted, for his protection to asserting such agreement against any later effort to enforce the judgment against him. (Pp. 464, 465.)

**4.—Practice on Appeal—Rendition or Remand.**

Where the trial court directed a verdict for defendant on the plaintiff's showing, without giving defendant opportunity to introduce evidence in support of a defense well pleaded by him, the appellate court, on reversal, can not render judgment for plaintiff; it should remand for new trial. (P. 465.)

**5.—Judgment—Foreclosure—Payment—Subrogation.**

One who, as mere accommodation for another, had purchased land for the latter assuming an outstanding debt and vendor's lien note against it, and then transferred the land to the latter who in turn assumed the incumbrance, was not acting as a mere volunteer in paying the judgment against both obtained on foreclosure of the lien and taking an assignment thereof to himself. The judgment was not discharged by such payment, but he was entitled, for protection, to be subrogated to the lien and enforce the judgment. (Pp. 465, 466.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Eastland County.

Moore and others sued Jenkins and appealed from a judgment for defendant, on affirmance of which they obtained writ of error. The case, on reference to the Commission of Appeals, was recommended for reversal and rendition of judgment, which latter recommendation is not here adopted.

*Stuart, Bell & Moore,* for plaintiffs in error.

The court erred in peremptorily instructing the jury to render a verdict for the defendant in the above cause, because, for the purpose of setting aside said sale, the plaintiff was only required to show fraud in connection with an inadequate price. 24 Cyc., 38, 39 and 40; McKennon v. McGown, 11 S. W., 532; Agricultural Assn. v. Brewster, 51 Texas, 257; Kauffman v. Morriss, 60 Texas, 119; Bank v. O'Dwyer, 38 S. W., 368.

Where in addition to inadequacy of price there may be the appearance of unfairness or any circumstance, accident, or occurrence, or act of fraud in relation to the sale of real estate at a sheriff's sale, tending to cause, or causing such inadequacy of price, the sale will be set aside. Kauffman v. Morriss, 60 Texas, 119; McKennon v. McGown, 11 S. W., 532; Lee v. T. & N. O. Ry. Co., 55 S. W., 976, and cases there cited; Cyc., vol. 24, pages 39 and 40; Bank v. O'Dwyer, 38 S. W., 368; Leeper v. Donohue, 45 S. W., 327; Chamble v. Tarbox, 27 Texas, 140; Allen v. Stephanus, 18 Texas, 658; Taul v. Wright, 45 Texas, 394; Atchison v. Owen, 50 Texas, 616-617; Jones v. Pratt, 77 Texas, 211, 13 S. W., 887.

The judgment in the case of McCauley v. Payne, defendant in error, Oglesby, and plaintiffs in error, was cancelled by the payment of the same by Jenkins, the judgment itself showing that it did not adjudicate, or attempt to adjudicate, any issue of suretyship or order in which defendants were or would be required to pay the same. Bank v. Dougherty, 81 Texas, 301, 16 S. W., 1028; Faires v. Cockerell, 88 Texas, 428, 31 S. W., 190, 639; Deleshaw v. Edelen, 31 Texas Civ. App., 416, 72 S. W., 413; Tarleton v. Orr, 40 Texas Civ. App., 410, 90 S. W., 534; Wilson v. Johnson, 94 Texas, 272, 60 S. W., 242; Fuqua v. Brewing Co., 90 Texas, 298, 38 S. W., 29, 750; Harris v. Petty, 66 Texas, 514; Hahl v. Kellogg, 94 S. W., 389.

*R. L. Rust,* and *Black & Smedley,* for defendant in error.

Where the evidence shows there was no consideration to suppport the agreement relied upon as the basis of the suit, but that it is a *nudum pactum* upon which the suit is based, the court will not err in instructing a verdict for defendant. Penick v. Castles, 144 S. W., 297; Simkins on Contracts, page 29; Cooley on Torts, page 569; Chambers v. Grisham, 157 S. W., 1177.

Mere inadequacy of price is not of itself sufficient to set aside a sheriff's deed, and where no fraud is shown, and no offer to pay the debt

(which offer must amount to a tender) is made, the sale will not be set aside. Chambers v. Grisham, 157 S. W., 1177; Penick v. Castles, 144 S. W., 297; Cooley on Torts, page 569.

Plaintiffs in error had not, at the time of the sheriff's sale, and have not now, sufficient interest in the land to serve as the basis for a suit to set aside the sale. Pope v. Davenport, 52 Texas, 206, 216; Hawley v. Bullock, 29 Texas, 217, 225; Freeman on Execution (2d ed.), sec. 305; Carpenter v. Sanborn, 25 S. W., 36.

The only cause of action which plaintiffs in error have, if any, is for the cancellation of the balance due on the judgment. Same authorities.

This is a suit in equity, and can not be maintained, because plaintiffs in error have a plain, adequate and complete remedy at law. Black on Rescission and Cancellation, sec. 645; Hinzie v. Kempner, 82 Texas, 617, 18 S. W., 659; Chisholm v. Adams, 71 Texas, 678, 10 S. W., 336; Lightfoot v. Murphy, 104 S. W., 511.

This suit is, in effect at least, a collateral attack upon the sheriff's sale, the cancellation being sought merely as a means of securing the ultimate purpose of the suit, and the owner of land not being a party hereto. Smith v. Perkins, 81 Texas, 152; Brooks v. Powell, 29 S. W., 809; Good v. Coombs, 28 Texas, 35, 52; Black on Judgments (2d ed.), sec. 252; Estey v. Williams, 133 S. W., 470.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

This suit was brought by plaintiffs in error against defendant in error to set aside a sheriff's sale to defendant in error of 320 acres of land in Eastland County, under a judgment foreclosing a vendor's lien on the land in favor of Claud McCauley and against plaintiffs in error, defendant in error and others.

It was alleged and proven that plaintiffs in error desired to acquire the land in controversy, subject to certain outstanding vendor's lien notes, and requested defendant in error, as a matter of accommodation, to have the deed made to him, which was done, a part of the consideration being the assumption by defendant in error of the vendor's lien notes. Immediately afterwards, defendant in error conveyed the land to plaintiff in error, R. G. Moore, wife of plaintiff in error, W. S. Moore, in consideration of the assumption by R. G. Moore of the vendor's lien notes. Under the agreement between the parties hereto, defendant in error was to hold the title for the benefit of plaintiffs in error and was not expected to discharge the notes, and was to get nothing out of the transaction. Owing to a failure to make interest payments, the holder and owner of the vendor's lien notes, Claud McCauley, declared same due, and on July 19, 1911, recovered a judgment thereon against plaintiffs in error, defendant in error and others, for $1387.46⅔, with 8 per cent interest from date and costs, with fore-closure of vendor's lien on the 320 acres of land. On June 7, 1912, Claud McCauley, in consideration of $1452.60 cash, executed unto defendant in error a written transfer of the judgment.

It was alleged by plaintiffs in error that while defendant in error was the owner and transferee of the judgment, it was agreed between plaintiffs in error and defendant in error that upon the sale of the 320 acres of land, under foreclosure of the vendor's lien, the plaintiff in error would refrain from bidding thereon and that defendant in error would bid in the land as cheaply as he could and would then release plaintiffs in error from the payment of the balance of the judgment; but that on the day on which the sale was to be made defendant in error repudiated his agreement, expressing a determination to buy the land as cheaply as possible and enforce the balance of the judgment against plaintiffs in erorr, such repudiation occurring when it was too late for plaintiffs in error, though they exercised due diligence, to protect themselves by bidding for the land, and, as a result, the land, being worth $2400, was purchased by defendant in error for the grossly inadequate price of $100, and these allegations were suppported by the testimony of plaintiff in error, W. S. Moore.

Defendant in error plead a general denial, and, by cross-action, sought to recover of plaintiffs in error the amount he had been compelled to pay on account of said judgment, for the accommodation of plaintiffs in error, and prayed for general relief.

Upon the conclusion of the evidence offered by plaintiffs in error, the trial court instructed a verdict for defendant in error, and the Court of Civil Appeals affirmed the judgment on the instructed verdict, holding that plaintiffs in error had no cause of action to set aside the sheriff's sale but had a cause of action to have the judgment against them decreed satisfied. 168 S. W., 398.

Section A of the Commission of Appeals to whom the case was referred has recommended that the judgment of the Court of Civil Appeals be reversed and that judgment be here rendered for plaintiffs in error, upon the conclusion that the payment by defendant in error of the joint judgment without adjudication of suretyship, against defendant in error, plaintiffs in error and others, operated as a satisfaction thereof. Citing Bank v. Dougherty, 81 Texas, 301, 16 S. W., 1028; Deleshaw v. Edelen, 31 Texas Civ. App., 416, 72 S. W., 413; Tarlton v. Orr, 40 Texas Civ. App., 410, 90 S. W., 534, and Polk v. Seale, 144 S. W., 329.

The Commission of Appeals was of the opinion that plaintiffs in error would have a cause of action to avoid the sheriff's sale of the 320 acres of land, on the facts set up in their petition and supported by the testimony of W. S. Moore, and we concur in that opinion.

The effect of an express and unconditional renunciation of his contract, by defendant in error, was to entitle plaintiffs in error to treat the contract as terminated, if they so desired. The law on this subject was plainly stated by Judge Brown as follows: "The intention to abandon the contract at some future date is no breach of it, but, when that intention is declared in positive terms and unconditionally, it has the effect, in so far as the promisor is able to do so, to repudiate the

contract itself and to terminate the contractual relations between the parties. This affords to the other party the opportunity to accept the declarations, if he chooses to do so, and thus make effective the declarations of intention not to perform, rendering the contract thereby one that is broken on the part of the promisor himself. But, to have this effect, the declaration of an intention not to perform the contract in the future must be unconditional in its terms. . . . The ground upon which it is held that when one declares that he will not perform a contract, the performance of which is to begin in the future, the other party may accept this declaration as a breach is that the contract is thus repudiated and, so far as one party can do so, the contractual relation between the parties is destroyed. Clark on Contracts, 645; Zuck v. McClure, 98 Pa., 545." Kilgore v. N. W. T. Baptist Educational Assn., 90 Texas, 142, 144, 37 S. W., 600.

It thus appears that, if defendant in error renounced his agreement, plaintiffs in error became entitled to bid at the sheriff's sale, and, it is too plain for discussion that if the wrongful conduct of defendant in error prevented plaintiffs in error from bidding at the sheriff's sale and enabled him to acquire the land at an inadequate price, his title can not be sustained against direct attack by plaintiff in error. However, judgment can not be here rendered avoiding the sheriff's sale, by reason of the alleged wrongful conduct of defendant in error; because the trial court, of his own motion, instructed a verdict against plaintiffs in error, without giving defendant in error an opportunity to offer any evidence under his denial of plaintiffs in error's allegations.

We do not adopt the recommendation of the Commission of Appeals that judgment be here rendered for plaintiffs in error because of the supposed extinguishment of the judgment through the attempted transfer of same to defendant in error. This case does not call for a determination of the question as to whether one joint judgment debtor, who is really an undisclosed surety of others, may not, by express agreement between himself and the plaintiff in the judgment, become the owner of the judgment, by transfer thereof. For, regardless of the answer to that question, defendant in error is plainly entitled to full protection, through the vendor's lien on the 320 acres of land, against damages by reason of the obligations he has incurred entirely by way of accommodation to plaintiffs in error. Defendant in error's right to such protection is announced in the following portion of the opinion in Faires v. Cockerell, 88 Texas, 436, 28 L. R. A., 528, 31 S. W., 194, viz.: "From a careful examination of the authorities, we reach the conclusion, that when the creditor has no authority from either of the payors, and the debt itself holds no lien upon property, nor is for any reason entitled to priority over other debts of the debtor, the payment of the debt by a co-obligor or surety satisfies the original debt, and the party paying has his right of action against the others upon the implied promise raised by law for reimbursement, according to their sev-

eral liabilities.   Griffith v. Reed, 21 Wend., 505; Copis v. Middleton, 11 Eng. Ch., 128; Bryant v. Smith, 10 Cush., 169; Pray v. Maine, 7 Cush., 253; Kennedy v. Carpenter, 2 Whart., 344; Hopkins v. Farwell, 32 N. H., 425; Singleton v. Townsend, 45 Mo., 379; Smith v. Johnson, 23 Cal., 64; Ward v. Henry, 5 Conn., 595; Frevert v. Henry, 14 Nev., 191; Gieseke v. Johnson, 115 Ind., 308; Crisfield v. The State, 55 Md., 193; Bushnell v. Bushnell, 77 Wis., 435; Chipman v. Morrill, 20 Cal., 130; Sichel v. Carrillo, 42 Cal., 506; Louvall v. Gridley, 70 Cal., 510; Penniman v. Vinton, 4 Mass., 276.   When the creditor in such a contract has a security from the principal or obligor, or either of them, or if the debt itself constitutes a lien upon the property of the debtor, as a vendor's lien, or if from its nature it be entitled to priority in payment of other debts of the debtor, the person paying the debt, not being a volunteer, will be subrogated to the securities, liens, and priorities of the creditor to the extent that he makes payment on the debt; and if it be necessary, from the character of the lien or security, in order to do full justice between the parties, equity will treat the original debt as subsisting, so far as may be necessary to accomplish that end.   Hodgeson v. Shaw, 3 Myl. & K., 341; Parson v. Briddock, 2 Vern., 608; Berthold v. Berthold, 46 Mo., 557; Ex parte Crisp, 1 Atk., 131; Stevens v. West, 1 How. (Miss.), 308; Waldrip v. Black, 74 Cal., 409; Bank v. Ackerman, 70 Texas, 315; Fleming v. Beaver, 2 Rawle (Pa.), 128; Rodgers v. McCluer, 4 Gratt. (Va.), 81."

Under the language quoted, it can not be doubted that if the sheriff's sale be set aside, defendant in error will be entitled to be subrogated to the vendor's lien for the amount paid by him on the judgment foreclosing same or to have that judgment enforced for his protection. Having that right, we can not render a judgment which would divest same.

It follows that the judgment of the District Court and of the Court of Civil Appeals should be reversed and that this cause should be remanded for trial in accordance with this opinion, and it is so ordered.

*Reversed and remanded.*