### No. 2003
### Second Circuit Appeal

---

## GEORGE T. PICKLER v. CHARLES A NEAL, L. E. NEAL

---

(March 17, 1925, Opinion and Decree)
(April 11, 1925, Rehearing Granted)
(Oct. 21, 1925, Remanded for New Trial.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Marriage—Par. 71, 84.**

Under the laws of Arkansas, Act 159 of 1915, as amended by Act 66 of 1919, a married woman has all the rights to contract, sue and be sued as though she were a femme sole. Therefore, she may bind herself in solido on a promissory note by joint promise with her husband to third person.

2. **Louisiana Digest—Prescription—Par. 87.**

Under the laws of Arkansas Section 6940 of the Digest of the Statutes of Arkansas, all action founded upon any contract or liability, expressed or implied, not in writing, is prescribed by three years' prescription. Therefore, a demand in reconvention for the value of three hundred pounds of cottonseed at $3.15 per pound more than three years old is clearly prescribed.

Appeal from the Second Judicial District Court of Louisiana, Parish of Webster. Hon. Robert Roberts, Jr., Judge.

This is a suit on a promissory note with interest and attorney's fees against the makers, a man and his wife.

There was a demand in reconvention and compensation.

Judgment for plaintiff on main demand and on reconventional demand for defendant.

Plaintiff appealed the judgment on reconventional demand.

Judgment for plaintiff affirmed.

Judgment on reconventional demand amended and reduced.

R. G. Langston, of Minden, attorneys for plaintiff, appellant.

L. K. Watkins, of Minden, attorney for defendant, appellee.

REYNOLDS, J. In this case George T. Pickler sues Charles A. Neal and L. A. Neal, his wife, for $975.00 with 10% per annum interest and 10% attorney's fees on their promissory note.

Mrs. L. E. Neal denies liability on the ground that she could not be held liable on a debt contract for her husband and for his benefit alone.

Charles A. Neal denies liability on the ground that plaintiff's claim is compensated or set off by a claim held by defendant against plaintiff for 300 bushels

of. cottonseed at the price of $3.15 per bushel.

There was judgment in favor of the plaintiff against the defendants in solido for the amount expressed in the note with interest and attorney's fees.

We think this part of the judgment correct for the reason that in the state of Arkansas a married woman may bind herself to pay the debt of her husband.

Act No. 159 of the General Assembly of the State of Arkansas of 1915, approved March 19, 1915, reads as follows, to-wit:

ACT NO. 159

"AN ACT to remove the disabilities of married women in the State of Arkansas:

"Be it enacted by the General Assembly of the State of Arkansas:

"Be it enacted by the people of the State of Arkansas:

"Section 1. That from and after the passage of this act every married woman, and every woman who may in the future become married, shall have all the rights to contract and be contracted with, to sue and be sued, and in law and equity shall enjoy all rights and be subjected to all the laws of this state, as though she were a femme sole.

"Section 2. That all laws and parts of laws in conflict with this act are hereby repealed, and this act shall take effect and be in force from and after its passage.

"Approved March 19, 1915."

And Act No. 66 of the General Assembly of the State of Arkansas of 1919, approved February 11, 1919, provides as follows, to-wit:

ACT NO. 66

"AN ACT to amend Act 159 of the Acts of 1915, entitled: 'An Act to Remove the Disabilities of Married Women in the State of Arkansas':

"Be it enacted by the General Assembly of the State of Arkansas:

"Section 1. That Section 1 of Act 159 of the Acts of 1915, entitled: 'An Act to Remove the Disabilities of Married Women in the State of Arkansas,' approved March 19, 1915, be and the same is hereby amended so as to read as follows, to-wit:

"Section 1. That from and after the passage of this act every married woman, and every woman who may in the future become married, shall have all the rights to contract and be contracted with, to sue and be sued, and in law and equity shall enjoy all rights and be subjected to all the laws of this state, as though she were a femme sole; provided, it is expressly declared to be the intention of this act to remove all statutory disabilities of married women as well as all common law disabilities, such as the disability to act as executrix or administratrix as provided by Section 6 of Kirby's Digest, and all other statutory disabilities.

"Section 2. That all laws and parts of laws in conflict with this act are hereby repealed, and this act shall take effect and be in force from and after its passage, relating back to the passage of the original act in its interpretation thereof.

"Approved February 11, 1919."

Duly certified copies of these acts were introduced in evidence by plaintiff.

On October 30, 1916, the Supreme Court of Arkansas, in the case of Holland vs. Bond, in interpreting this law, held as follows:

"Under Laws 1915, giving to a married woman all the right to contract and be contracted with, and to sue and be sued as though she were a femme sole, a married woman may be sued and judgment obtained on her note and an open account, the consideration of which was a debt of her husband to plaintiff, and not money spent on her separate property."

"Prior to the passage of this act, a married woman would not be liable as surety on a promissory note for her husband because contracts could only be made by a married woman in reference to her separate property or business. But the Act of 1915, just referred to, has removed that restriction and in the broadest terms enables a married woman to sue and be sued, to contract and be contracted with, and in law and equity to enjoy all rights and be subjected to all laws of this state as though she were a femme sole.

Major. vs. Holmes, 124 Mass. 108. This construction also results from the reason-

ing of the court in Fitzpatrick vs. Owens, 186 S. W. 832, where we held that the statute meant to give the wife the right to maintain an action against her husband either upon contract or for tort."

Under the act in question a wife may bind herself by joint promise with her husband to a third person in the same manner as if she were a femme sole.

For these reasons the judgment against the defendants in solido for the sum of $975.00, interest and attorney's fees, must be affirmed.

The defendant, Charles A. Neal, obtained judgment against the plaintiff on his plea of compensation and set off for $975.00 for 300 bushels of cottonseed at $3.15 per bushel.

This part of the judgment plaintiff has appealed from, and it becomes our duty to pass on the correctness or incorrectness of this part of the judgment.

Defendant's cause of action as to his claim for 300 bushels of cottonseed at $3.15 per bushel arose in the spring of 1919. The car of cottonseed ordered by Mr. Neal was shipped from Caldwell, Georgia, January 29, 1919, and arrived in Taylor, Arkansas, in February, 1919, and at that time defendant's cause of action came into existence.

Defendants remained residents of Arkansas from that time until September 19, 1922, more than three years, without filing suit on the claim for 300 bushels of cottonseed at $3.15 per bushel, or having same liquidated.

Section 6940 of the Digest of the Statutes of the State of Arkansas, as introduced by plaintiff, provides:

"Contracts or Liability Not in Writing, Etc.—The following actions shall be commenced within three years after the cause of action shall accrue, and not after:

"First: All actions founded upon any contract or liability, express or implied, not in writing."

Under this law of the State of Arkansas defendant's claim against plaintiff for damages for failing to take and pay for 300 bushels of cottonseed at $3.15 per bushel is clearly prescribed, and the judgment of the trial court, as to this item, must be reversed.

Under the evidence of both plaintiff and defendants it is shown that plaintiff got 40 bushels of cottonseed from defendant in the spring of 1920. Plaintiff therefore owes defendant for the 40 bushels of cottonseed at $3.15 per bushel, for as to these seed received by the plaintiff from defendant the Arkansas statute does not apply in that defendants did not remain in Arkansas for three years after plaintiff received the seed from defendant, and plaintiff has not pleaded the three-year prescription provided by the laws of Louisiana and this court is without authority to interpose that plea.

It is therefore ordered, adjudged and decreed that the judgment herein appealed from, insofar as it gives to the plaintiff judgment in solido against the defendants, Charles A. Neal and L. E. Neal, for the sum of $975.00 with 10% interest thereon from November 4, 1919, and 10% attorney's fees and all costs, be affirmed. That that portion of the judgment in which it is stated, "less and subject to the sum of nine hundred and forty-five ($945.00) dollars with 5 per cent legal interest per annum from November 4, 1919, for which amount judgment in reconvention and compensation is decreed in his favor," be so amended as to read, "less and subject to the sum of one hundred and twenty-six ($126.00) dollars with five per cent per annum interest from March 1, 1920, for which amount judgment in reconvention and compensation is decreed in favor of defendants," and, as thus amended, the judgment appealed from is affirmed.