Learned, P. J.
The judge’s charge is not printed in the case, and there are no exceptions thereto. There was no request to direct a verdict for defendants, and there was no motion for a new trial. Therefore, we have before us only the exceptions to evidence. The first arises under chapter 36, Laws 1880, which allows comparison of a disputed writing “ with any writing proved to the satisfaction of the court to be genuine. ” The defendants insist that such proof of genuineness must be by admission, or by the direct evidence of one who saw the person write the offered writing. This law introduced a new rule, which had not existed here, though it had in Massachusetts and some other states. Here the rule was that the disputed writing might be compared with other writings which had been given in evidence for other purpose than comparison. Miles v.Loomis, 75 N. Y. 288. Such writings under the old law might have been proved by the testimony of persons familiar with the handwriting. When thus proved and admitted in evidence, they could be used in comparison. This statute allowed writings to be proved merely for the purpose of comparison. But there is nothing in the statute specifying the mode of proving them. Why may they not be proved in the same manner in which any other writing might have been proved before the act? Furthermore, they are to be proved “to the satisfaction of the court. ” This seems to put the matter exclusively in the j udgment of the trial court, (Peck v. Callaghan, 95 N. Y. 73,) unless, possibly, in a case where there was an entire absence of evidence. That is not this case. It is true that in Massachusetts, where there is no statute on the subject, it was stated in a criminal case that a writing to be used for comparison (not otherwise used in evidence) must be proved by direct evidence of the signature, or by equivalent evidence. Com. v. Eastman, 1 Cush. 217. But the question was not involved in the case, nor do we find it to be supported by the authorities cited,—Moody v. Rowell, 17 Pick. 490; Richardson v. Newcomb, 21 Pick. 317; or by Martin v. Maguire, 7 Gray, 177.
The next objection is that an expert witness was allowed to explain upon a blackboard his meaning, and the reasons for his opinion. We think there was no error in this. Of course, the whole class of expert evidence is exceptional; and, as experts are to give opinions, it is right that they should explain the reasons for them.
The defendants urge that there was error because the court excluded the statement made by James Clark to his wife, at the time of the execution of the alleged deed to Cranch, that he owed Cranch, and wanted to secure him. The defendants say that plaintiff had proved that Todd paid Clark rent up to his death, and that, by showing this deed to be in fact a mortgage, the fact of paying rent to Clark would be explained. But on looking at the case we find that Todd was defendant’s witness, and that on their behalf he testified that he occupied the place till Clark’s death, and paid rent to Clark. We think the offer was properly excluded.
The controversy in the case was as to the genuineness of a deed from James Clark and wife to Pierre Cranch, dated May 4,1875. This deed purported to. *354 have been acknowledged before .Joseph C. Lawrence, a notary public, May 4, 1875. But it appeared that Lawrence was not then a notary public. Lawrence was also a subscribing witness; and as such, on the 13th of June, 1885, he proved the deed bei'ore a notary. On this proof the deed was received in evidence. To discredit this proof the plaintiffs gave evidence tending to show that in 1882, and subsequently till his death, in February, 1886, Lawrence was of feeble body, of weak mind, and subject to delusions, and unfit for business. The object of this was to show that Lawrence was an incompetent witness. The section of the Bevised Statutes to which the plaintiffs refer was repealed by chapter 417, Laws 1877. But its substance is now found in the Code of Civil Procedure, §§ 935, 936. This latter section provides that if it shall appear that the proof of a conveyance was taken upon the oath of an incompetent witness the conveyance shall not be received in evidence until established by other and competent proof. It seems, therefore, that it was proper to give evidence tending to show that when Lawrence, in June, 1885, proved this deed, he was mentally incompetent to act.
Again, the defendants.claim that there was error in refusing to admit proof that subsequent to the date of the deed Clark said he owned no real estate. The plaintiffs claim as heirs at law of James Clark, (or, if need be, of Patrick, his father.) To defeat their title by statements of James Clark that he owned no real estate would not be proper; nor do we think that such statements were so connected with the alleged deed that they could be taken as evidence of its genuineness. They did not in any way point to or recognize the alleged deed. These are the objections raised by the defendant. On examining them we see no error. Judgment affirmed, with costs. All concur.